### DANIEL D. WARREN vs. WILLIAM CHAPMAN.

Hampden.    September 21. — 22, 1874.    MORTON & ENDICOTT, JJ.,
                                    absent.

If the defendant is called as a witness for the plaintiff and testifies to facts which if
    true are conclusive against the plaintiff's case, and the plaintiff puts in evidence
    contradicting the defendant's testimony, the question at issue must be submitted
    to the jury.
The signature of an attesting witness placed below the body of a note and above the
    date thereof may apply to the whole note if shown to have been made for that
    purpose after the note was completed.

CONTRACT on a note for $500, dated December 15, 1848, pay-
able to the plaintiff.   The writ was dated March 12, 1869.   The
note purported to be attested by one Horace Bartlett, the words
" attest, Horace Bartlett," being written below the body of the
note, and directly above and over the date of the note.

The answer stated that the suit was not brought within six
years nor within twenty years from the date of the note, and de-
nied the making of the note.   And the answer also denied the
attestation of the note, and also had it in the statement " that
the consideration of said note was spirituous and intoxicating
liquors, sold by the plaintiff and said firm to the defendant in
violation of law, whereby said note became voidable and void."
The answer also contained a general denial of the matters stated
in the declaration and the writ.   The firm mentioned in the an-
swer was the firm of D. D. Warren & Co., hereinafter men-
tioned.

At the trial in the Superior Court, before *Allen*, J., after the
decision reported in 105 Mass. 87, it appeared by the testimony
of the plaintiff that in the year 1848, he and others were doing
business in Springfield, under the firm name of D. D. Warren &
Co. ; that in February, 1848, and at various times thereafter to
near the time of the date of the note in suit, they sold goods on
credit to the defendant ; that payments were made from time to
time by the defendant, and that on the day of the date of the note,
the firm claimed that the sum of $562.85 was due from the de-
fendant to the firm.   The plaintiff also testified that at a time
previous to the date of the note, he purchased of his firm the in-
debtedness of the defendant to the firm to the amount of $500

and that at a subsequent date he purchased the balance of the account, and that the amount of the note was to be applied by him to the account of his firm against the defendant.

. The defendant was called as a witness by the plaintiff, and he produced, and read from the bills of sale of goods sold by the firm to the defendant before the date of the note, the accounts of sales of certain quantities of spirituous liquors sold by said firm to the defendant at various times between February 18 and the date of the note, in quantities of less than twenty-eight gallons at any one time, amounting in all to the sum of $61.65 ; and the defendant testified that certain errors and overcharges, and errors of computation which appeared in said bills, reduced the amount due the firm at the time of the date of the note to the sum of $548.85 ; of which sum $61.65 was for the spirituous liquors so sold by the plaintiff to the defendant, leaving due to said firm at the time of making the note, the sum of $485.55 for goods other than said liquors so sold.   The plaintiff denied this and introduced evidence to show the contrary.

The defendant called the clerk of the courts for the county of Hampden, who testified that he had examined the records of the county commissioners for the county of Hampden, in his charge and keeping, and that it appeared by the records that neither the firm of D. D. Warren & Co. nor the plaintiff were licensed to sell spirituous liquors in the year 1848.

The defendant asked the court to rule that upon the evidence the plaintiff could not recover.   This ruling the presiding judge refused to make.

The defendant being called by the plaintiff, testified that the name of Horace Bartlett was not written upon said note in his presence, or with his knowledge or consent, and said name was not on the note when he delivered it to the plaintiff.   Upon this point there was also evidence from the defendant that a mortgage was made at the same time with the note in suit to secure it, and that said mortgage was witnessed by Horace Bartlett, and that until the mortgage was mentioned in a former trial of this suit he had entirely forgotten that it was ever made, or that any other paper than the note was made or executed on that occasion, and said mortgage was exhibited to the jury for comparison of the handwriting of the witness upon it with that upon the note, and

it was contended by the plaintiff that the ink in which the signature of the defendant was written upon the note and mortgage and also that in which the said Horace Bartlett signed upon each was of the same kind and color, and unlike that in which the body of the note was written, and the plaintiff testified that on the evening of the day on which the note was made, Bartlett brought the note to him, and it then had on it the name of Bartlett.

The defendant prayed the court to rule that upon the evidence the plaintiff could not recover.   But the court refused so to rule.

The defendant also prayed the court to instruct the jury that the words " attest Horace Bartlett," had no reference to any part of the note but the words that were above or preceded the signature of Bartlett, and that the date of the note, being below or following the signature of Bartlett, was not affected by it, and the plaintiff could not recover.   The court declined to give this instruction, but instructed the jury in terms not excepted to as to what would constitute an attestation of the note, and also upon the other branches of the case.   The jury found for the plaintiff, and the defendant alleged exceptions.

*W. Chapman, pro se.*   1. The bills of sale of the goods sold by the plaintiff to the defendant having been produced and read at the trial, and their contents not contradicted, the first prayer of the defendant should have been granted.   *Warren* v. *Chapman*, 105 Mass. 87.

2. The introduction of the mortgage and the testimony of the plaintiff was not a contradiction of the testimony of the defendant that Bartlett's name was not on the note when delivered to the plaintiff.   The second prayer of the defendant should therefore have been granted.   *Smith* v. *Dunham*, 8 Pick. 246.

3. The place of attestation of any writing is at the end of it. *Jackson* v. *Jackson*, 39 N. Y. 153.

*G. M. Stearns & M. P. Knowlton*, for the plaintiff.

GRAY, C. J.   All the instructions requested were rightly refused.   Upon the subject of the two first there was conflicting evidence which was rightly submitted to the jury.   The attestation, though not in the usual place, might apply to the whole note if proved to have been made for the purpose after the note had been completed.   *Richardson* v. *Boynton*, 12 Allen, 138.   The instruction upon this point, not having been excepted to or reported, must be deemed to have been correct.   *Exceptions overruled.*