GEORGE W. SWAZEY *vs.* EDMUND C. ALLEN.

Hampden.    September 21. — 28, 1874.    MORTON & ENDICOTT, JJ., absent.

When the maker of a note four years after the time at which he signed it, in pursuance of an agreement made at that time, acknowledges, to a person who did not see him sign the note, that the signature to it is his, and requests such person to sign it as a witness in order to prevent the operation of the statute of limitations, the question whether the note is "signed in the presence of an attesting witness" within the Gen. Sts. *c.* 155, § 4, is for the jury.

CONTRACT on a promissory note, dated April 11, 1854, and purporting to be signed by the defendant, and witnessed by A. H. Allen.    Writ dated May 24, 1873.    The answer set up the statute of limitations.

At the trial in the Superior Court before *Wilkinson*, J., the plaintiff's counsel stated in opening that the note declared on was signed by the defendant at the time of its date ; that no person being present but the parties, it was not then witnessed, but the parties agreed it should subsequently be signed by some person as a witness ; that some four years afterwards the parties being together, the defendant, in the presence of A. H. Allen, acknowledged that the signature to said note was his, and the parties then requested Allen to sign it as a witness, to prevent the operation of the statute of limitations, and he did so.    Upon proof of these facts the plaintiff's counsel said he should contend that the note was not barred by the statute of limitations. The presiding judge ruled that if the facts were proved, the action could not be maintained, and a verdict was thereupon taken for the defendant, and the plaintiff alleged exceptions.

*E. B. Maynard*, for the plaintiff.

*G. M. Stearns*, for the defendant.    1. With the attestation the note is in fact a different legal contract from what it would be

without. *Smith* v. *Dunham*, 8 Pick. 246, 249. It was not competent to show by parol that the parties, as an additional contract, agreed at the time of making, that the note should thereafter be changed into a different legal contract than it purported to be. *Billings* v. *Billings*, 10 Cush. 178. *Kelly* v. *Cunningham*, 1 Allen, 473. *Tower* v. *Richardson*, 6 Allen, 351. *Currier* v. *Hale*, 8 Allen, 47.

2. The case then stands upon a subsequent meeting of the parties to the note and the signing of the same by the witness, as such, with the consent of both parties. " In order to constitute an attestation of a note, the witness must put his name to it openly and under circumstances which reasonably indicate that his signature is with the knowledge of the promisor and is a part of the same transaction with the making of the note." *Drury* v. *Vannevar*, 1 Cush. 276. *Smith* v. *Dunham*, *supra*. No agreement or consent that the note shall be deemed or considered an attested note, even if written upon the note, will take it out of the statute of limitations. *Walker* v. *Warfield*, 6 Met. 466. There was no offer of evidence that the parties undertook to deliver the note after it was witnessed, as a new and original note, but they undertook by their act to engraft upon the old note the character of an attested note.

WELLS, J. The note in suit purported to bear the attestation of a witness, so as to come within the exception to the general statutes limiting such actions to six years. Gen. Sts. *c.* 155, § 4. Upon the question of the legal sufficiency of such an attestation, for the purpose of giving it that effect, all the facts and circumstances relating to it are competent to be proved by parol testimony. To prove that it was subscribed to the note with the knowledge and assent of the maker, and in pursuance of the agreement or understanding of the parties at the time the note was signed, is no more to vary or add to the terms of a written contract, than it is to prove that it was not written at the time it purports to be upon the face of the note. The proposition to be established by the plaintiff is that the witness put his name to the note " openly, and under circumstances which reasonably indicate that his signature is with the knowledge of the promisor, and is a part of the same transaction with the making of the note." *Drury* v. *Vannevar*, 1 Cush. 276. *Smith* v. *Dunham*, 8 Pick. 246.

That the witness did not see the maker actually sign the note, and that his attestation was at a subsequent interview, are facts bearing upon the question ; but they are not conclusive. *Smith* v. *Dunham*, *supra*. *Pequawkett Bridge* v. *Mathes*, 7 N. H. 230. The length of time intervening affects the degree of weight, not the legal effect to be given to the fact that the signature of the witness was not at the same time with that of the maker.

We are of opinion that upon the statements of the bill of exceptions it was a question for the jury, and therefore wrongly decided by the court.                    *Exceptions sustained.*