SAMUEL TOMPSON *vs.* AARON E. FISHER.

Suffolk. Nov. 22, 1877. — Jan. 2, 1878. ENDICOTT & LORD, JJ., absent.

In an action on a promissory note, begun more than six years after the cause of action accrued, the note purported to be signed in the presence of an attesting witness, who testified that he was formerly an office-boy for the plaintiff, and was, at the date of the note, eleven and a half years old; that the name looked like his handwriting; that he thought it was; that he could not tell under what circumstances it was put there; that he had no recollection whatever about it; that if he

signed it, he must have seen the defendant sign it, or have known that he signed it. *Held*, that the evidence was competent, and sufficient to be submitted to the jury, on the issue whether the note was signed in the presence of an attesting witness.

CONTRACT upon a promissory note, dated July 13, 1868, for $773, on demand, signed by the defendant, and purporting to be attested by Joseph I. Hickey. Writ dated May 6, 1875. Answer: 1. Want of consideration; 2. The statute of limitations. Trial in the Superior Court, before *Putnam*, J., who, by consent of parties and before verdict, reported the case for the determination of this court, in substance as follows:

The plaintiff called Joseph I. Hickey, whose name purported to be upon the note as an attesting witness, who testified that he was formerly an office-boy for the plaintiff, who was an attorney at law; that at the date of the note he was eleven and a half years old; that the name looked like his handwriting; that he thought it was; that he could not tell under what circumstances it was put there; that he had no recollection whatever about it; that, if he signed it, he must have seen the defendant sign it, or have known that he signed it.

The defendant contended that, upon this evidence, the jury could not find that this note was "signed in the presence of an attesting witness," within the Gen. Sts. c. 155, § 4.

If the case should have been submitted to the jury, it was to stand for trial; otherwise, judgment for the defendant.

*A. B. Wentworth*, for the plaintiff.

*J. M. Keith & J. W. Keith*, for the defendant.

MORTON, J.. The burden of proof in this case was upon the plaintiff, to show that the note in dispute was signed in the presence of an attesting witness, but this was a question of fact to be submitted to the jury, if there was any competent evidence tending to prove that fact. *Drury* v. *Vannevar*, 1 Cush. 276.

The note in question is a note which upon its face appears to be attested in due form. The attesting witness testified that he had no recollection of the matter, but that he thought the signature was his, and that, if he signed it, he must have seen the maker sign it, or must have known that he signed it. This is some evidence of the due attestation of the note. It often happens in practice, that an attesting witness to a will, deed, or

other paper, executed long before he testifies, is unable to recol-
lect the fact or the circumstances of his attestation, and can
only swear that, in his judgment, his signature is genuine, and
that he saw the maker execute it.

Ordinarily, the jury will derive some aid from the character
and appearance of the witness and the parties, and from the cir-
cumstances surrounding the case. But it is their province to
weigh the evidence and determine whether it satisfies them of
the due attestation of the paper. We are of opinion, therefore,
that the case at bar should have been submitted to the jury
with proper instructions.          *Case to stand for trial.*