HERBERT H. HOLTON & others *vs.* LOUIS E. ROSE.

Suffolk.   December 3, 1929. — January 29, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Bills and Notes,* Accommodation paper, Indorser.

In an action by three indorsers before delivery of a negotiable promissory note of a corporation payable to a trust company against a fourth such indorser to compel contribution toward an amount paid by the plaintiffs to the payee to take up the note, it was immaterial that there was no obligation on the part of the maker of the note to pay it at maturity to the payee and that the payee had discounted the note with knowledge that it was a note given for the accommodation of the indorsers and had placed the proceeds to the credit, not of the corporation, but of the four indorsers; and, where there was no other defence, findings that the plaintiffs and the defendant were cosureties and for the plaintiffs were warranted.

CONTRACT by Herbert H. Holton, William P. Everts and Leavitt C. Parsons, indorsers of a note purporting to be signed by Rose Tea Company and payable to International Trust Company, against Louis E. Rose, a coindorser, for contribution of one quarter of an amount which the plaintiffs paid the payee to satisfy the note. Writ in the Municipal Court of the City of Boston dated March 1, 1927.

On removal to the Superior Court, the action was heard by *Morton,* J., without a jury, upon the agreed statement of facts set out in the opinion. The judge found for the plaintiffs in the sum of $2,534.32, and reported the action for determination by this court.

The case was submitted on briefs.

*J. A. Farrer,* for the defendant.

*S. L. Solomont,* for the plaintiffs.

PIERCE, J. The plaintiffs' declaration is as follows: "And the plaintiffs say that the Rose Tea Company, a Massachusetts corporation, made a promissory note payable to the International Trust Company, a copy whereof with indorsements thereon is hereto annexed, and the plaintiffs and the defendant indorsed said note before delivery as joint sureties for the Rose Tea Company. Payment of the said note was duly demanded by the International Trust Company of the said Rose Tea Company which neglected to pay the same. That on or about November 22, 1922, the plaintiffs upon demand of the International Trust Company paid and took up said note, but the defendant, though requested, refused to make any payment on account thereof. And the plaintiffs say that the defendant owes them one quarter of the amount paid by the plaintiffs in payment of said note and interest." In substance, the defendant's answer denies that this was the note of the Rose Tea Company, and alleges that the note was illegal and void.

The case was heard in the Superior Court upon the agreed statement of facts which follows: The "defendant, president of the Rose Tea Company, a corporation, on December 16, 1921, made a promissory note in the name of the corporation payable to the order of the International Trust Company, not for corporate purposes, but in order to enable the plaintiffs and the defendant to raise $10,000 to be used by the plaintiffs and the defendant for the purposes of acquiring for themselves stock of the said corporation in which all parties were directors. A copy of said note is marked 'Exhibit A' and is annexed to the plaintiffs' declaration and is made a part of this agreement as though specifically incorporated herein. The note was discounted with the said Trust Company and the proceeds credited to the plaintiffs and the defendant, who designated themselves as the Rose Syndicate, and the money was paid out for stock of said corporation which was taken in the name of the plaintiffs and the defendant. Prior to discounting the said note the plaintiffs and the defendant all jointly indorsed the said note waiving demand and notice.

The plaintiffs and the defendant had previously entered into an agreement, a copy of which is hereto annexed and made a part hereof.　[Exhibit B.]　The plaintiffs thereafter paid on said note to the said International Trust Company the sum of $7,181.12 on November 22, 1922.　The defendant did not pay any part of the said note to anybody, although demand was made for his proportionate share by the plaintiffs.　It is [further] agreed, that if as a matter of law the defendant is liable for his contributory share, he is liable for one fourth the sum of $7,181.12 with interest from November 22, 1922."

Upon the conclusion of the case the defendant requested a ruling that "upon all the evidence, the verdict [finding] must be for the defendant."　He also made six other requests for rulings, no one of which in terms is referred to in his brief.

The judge made the following findings and rulings: (1) "The agreed facts warrant a finding and ruling that the plaintiff[s] and defendant were in the position of cosureties, and that therefore the plaintiff[s] can sue jointly"; and (2) "The defendant is not entitled in view of the agreed facts, to raise the question of illegality, if the note was illegal."　He denied the requests for rulings, found for the plaintiffs, and reported the case to this court on the following terms which are agreed to by the parties:" . . . if the rulings denying the defendant's requests for rulings as aforesaid were right, judgment is to be entered for the plaintiff in the sum of $2,534.32 with interest thereon from the date of the verdict . . . if, as a matter of law, the denial of defendant's requests for rulings was wrong, judgment is to be entered for the defendant."

The rulings were right.　It was immaterial in this action that there was no obligation on the part of the maker of the note to pay the same at maturity to the International Trust Company, which had discounted the note with knowledge that it was an accommodation note and had placed the proceeds to the credit, not of the corporation, but of the indorsers, for the reason that this defendant, as one of the indorsers of the note to the International Trust

Company, was estopped as against that payee to raise the question of *ultra vires* or capacity of the maker. *City Fuel Co.* v. *Brown,* 254 Mass. 605. The plaintiffs and the defendant by negotiating the note to the payee warranted that the instrument was genuine and in all respects what it purported to be, that they had a good title to it, that all prior parties had capacity to contract, and that they had no knowledge of any fact which would impair the validity of the instrument or render it valueless. G. L. c. 107, § 88.

The facts that the note was discounted by the payee and the proceeds credited to the plaintiffs and the defendant, who designated themselves as the Rose Syndicate, that the money was paid out for stock which was taken in the names of the plaintiffs and defendant, that the plaintiffs and defendant jointly indorsed the note, and that the agreement (Exhibit B) that each of the parties to that agreement "shall pay one quarter of the amount necessary to purchase said stock," are ample to support the finding and ruling that the plaintiffs and defendant were in the position of co-sureties. *Clapp* v. *Rice,* 15 Gray, 557. *Weeks* v. *Parsons,* 176 Mass. 570, 575. It is plain the plaintiffs and the defendant as indorsers were obligated to pay the note to the payee if the maker of it did not for any reason pay it, and obvious that the plaintiffs had a remedy against the defendant if they paid the note in settlement of their common liability to recover from him his share of the common burden. *Weeks* v. *Parsons, supra,* page 576. It was settled in *Hadsell* v. *Hancock,* 3 Gray, 526, and in *Clapp* v. *Rice, supra,* that when three or more persons, each of whom is responsible for an entire sum due from another, join in making the payment of that sum by a contribution agreed on among themselves for that purpose, they may join in one action to recover it from the person for whose benefit the payment has been made.

In accordance with the report judgment is to be entered for the plaintiffs in the sum of $2,534.32 with interest from the date of the finding.

*So ordered.*