MORRIS ALPERT *vs.* VICTOR RADNER & others.

SPRINGFIELD INSTITUTION FOR SAVINGS *vs.* AMERICAN WINDOW CLEANING COMPANY OF SPRINGFIELD, MASS. & another.

Hampden.    October 29, 1935. — January 2, 1936.

Present: CROSBY, PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Pleading, Civil*, Answer. *Evidence*, Admissions. *Bills and Notes*, Delivery, Attested note, Warranty. *Estoppel*.

In a suit on a promissory note purporting to have been witnessed, the defendant's answer admitting his making and delivery of the note, by force of G. L. (Ter. Ed.) c. 231, § 87, also admitted its delivery in that purported form.

A promissory note bearing the signatures of two makers, and opposite the signature of one the signature of a third person following the words "In presence of," purported to be a witnessed note as to both makers.

Under R. L. c. 73, § 82 (now G. L. [Ter. Ed.] c. 107, § 88), one negotiating by delivery a promissory note purporting to have been witnessed, warranted its due attestation.

One having warranted the due attestation of a promissory note was estopped to deny that it was a witnessed note.

TWO BILLS IN EQUITY, filed in the Superior Court on July 5, 1934, and August 15, 1934, respectively.

At the trial of jury issues before *W. A. Burns*, J., the judge ordered a finding that the defendant Radner owed the Springfield Institution for Savings $4,413.94, and he alleged exceptions.

The cases were submitted on briefs.

*J. P. Kirby & J. B. Cowett*, for the defendant Radner.

*D. H. Keedy & I. Fein*, for the plaintiff Alpert.

*J. H. Jones, J. H. Mitchell & J. B. Nason*, for Springfield Institution for Savings.

Qua, J. In each of these suits, brought in 1934, the court framed issues for a jury to determine how much, if anything, the defendant Victor Radner, hereinafter called Radner, owes the Springfield Institution for Savings, hereinafter called the bank, on a promissory note payable to it on demand in the sum of $5,000, dated March 17, 1920, and signed as follows:

> In Presence of ⎱
> John D. Clarke ⎰ Louis Radner.
>                    Victor Radner

In his answer in each suit Radner pleaded the six-year statute of limitations, G. L. (Ter. Ed.) c. 260, § 2. He admitted his own signature on the note and his delivery of the note to the bank, but denied that Clarke had witnessed it and denied that the note was a witnessed note.

At the trial of the issues the bank introduced the note and oral evidence tending to identify the signature of Clarke, then deceased, and rested. Radner offered no evidence, except some of Clarke's signatures admitted for comparison. The court directed a finding by the jury that Radner owed the bank a sum the amount of which is not in dispute. Radner excepts.

The ruling was right and would have been right even if the bank had offered no evidence at all, except the note. Radner is bound by the statements in his answer. G. L. (Ter. Ed.) c. 231, § 87. The record shows that the admission therein of his own signature and of delivery refers to the note in its present form. His answer establishes the fact

that he negotiated the note to the bank.  R. L. c. 73, § 47 (now G. L. [Ter. Ed.] c. 107, § 53).  *Liberty Trust Co.* v. *Tilton,* 217 Mass. 462.  By R. L. c. 73, § 82 (now G. L. [Ter. Ed.] c. 107, § 88), "Every person negotiating an instrument by delivery" warrants to the immediate transferee that "the instrument is genuine and in all respects what it purports to be."  We think that the instrument in question purported to be as to both makers a promissory note "signed in the presence of an attesting witness" and therefore the kind of note as to which by G. L. (Ter. Ed.) c. 260, § 1, the period of limitation for an action by the original payee is twenty years and not six years.  That was the nature of the instrument which the bank was justified in believing it was getting.  Attestation changes the character of the contract.  It puts the note in some measure "on the footing of a bond or other specialty."  *Smith* v. *Dunham,* 8 Pick. 246, 249.  *Prima facie* the bank became a holder in due course.  R. L. c. 73, § 76.  See also § 69.  See now G. L. (Ter. Ed.) c. 107, §§ 82, 75.  To hold that the warranty of R. L. c. 73, § 82 (now G. L. [Ter. Ed.] c. 107, § 88), includes the attestation of the instrument as well as its execution by the parties is consistent both with the wording of the section itself and with the liberal construction which is given to the negotiable instruments law in the interest of certainty and security in commercial transactions.  See *Union Trust Co.* v. *McGinty,* 212 Mass. 205.

There is nothing in the nature of the statute of limitations which is controlling against that construction of the negotiable instruments law which will most effectually accomplish the purposes of the latter.  Any party may waive the six-year statute of limitations at will by making his contracts under seal or by having his notes witnessed.  After it has run in his favor he may waive it by acknowledgment in writing or by part payment.  G. L. (Ter. Ed.) c. 260, §§ 13, 14.  He is deemed to have waived it if he does not plead it.  He may estop himself from asserting it.  *McLearn* v. *Hill,* 276 Mass. 519.  And it has been held that he may, as a term of his original contract, agree not

to avail himself of the statute. *State Trust Co.* v. *Sheldon,* 68 Vt. 259. See also *Webber* v. *Williams College,* 23 Pick. 302; *Kellogg* v. *Dickinson,* 147 Mass. 432.

A party to a negotiable instrument, when sued upon the instrument, is estopped to defend upon grounds inconsistent with the warranties by which he is bound. *Kenworthy* v. *Sawyer,* 125 Mass. 28, 29. *Leonard* v. *Draper,* 187 Mass. 536, 537. *City Fuel Co.* v. *Brown,* 254 Mass. 605, 607. *Jacobs* v. *Brown,* 259 Mass. 232, 235. See also *Holton* v. *Rose,* 270 Mass. 267, 269. We are therefore of the opinion that Radner is estopped from contending that the note was not a duly witnessed note. See *Towne* v. *Rice,* 122 Mass. 67; *Walling* v. *Cushman,* 238 Mass. 62; *Cosmopolitan Trust Co.* v. *Cirace,* 248 Mass. 98, 103.

There is a line of cases, *Smith* v. *Dunham,* 8 Pick. 246, *Drury* v. *Vannevar,* 1 Cush. 276, *Warren* v. *Chapman,* 115 Mass. 584, *Swazey* v. *Allen,* 115 Mass. 594, *Tompson* v. *Fisher,* 123 Mass. 559, and *Phillips* v. *Vorenberg,* 259 Mass. 46, in which it has been held that both the genuineness of the alleged witness's signature and whether in fact he witnessed the signature of the maker present questions for the jury. We do not doubt the correctness of these decisions as applied to cases where these issues are open to the defendant. All but one of these cases were decided before the negotiable instruments law was passed. In none of them was any contention made that the defendant was estopped from denying that the note was a witnessed note. The question here presented was not passed upon.

*Exceptions overruled.*