Sullivan, J.
This is an action in contract wherein the plaintiff seeks to recover the sum of thirty-five hundred ($3500) dollars, with interest, alleged to be the balance due on the promissory note signed by the defendant under date of October 5> 1923.
The defendant’s answer is a General Denial, Payment, and the Statute of Limitations.
*295 The case is fully set out in the trial court’s finding in which he states that he finds “upon the evidence that the defendant went to the office of Mr. Hargedon to secure a mortgage; that he wrote his signature on the mortgage and upon the note, which is the note in suit, under the direction of a young lady, as he said, in an outer office where Mr. Hargedon was not present; that the papers were then taken to Mr. Hargedon in another office and there the defendant acknowledged to Mr. Hargedon his signature on both papers, and Mr. Hargedon wrote his name as attesting witness upon the note in suit in the presence of and with the knowledge and consent of the defendant, and as a part of the one transaction of executing the note and mortgage;” that the note is an attested one and this action is not barred by the Statute of Limitations.
It is agreed that the balance due on the note is thirty-five hundred ($3500) dollars.
There was a finding for the plaintiff.
There were five requests for rulings filed by the defendant, i. e.
1. That on all the evidence the action is barred by the Statute of Limitations and the plaintiff cannot recover because the note was not signed in the presence of an attesting witness, and the action accrued more than six years before the commencement of the suit.
2. That if the note was not signed in the presence of an attesting witness the plaintiff cannot recover.
3. That the action is barred under the Statute of Limitations if the note was not signed in the presence of an attesting witness.
4. That there is no evidence in the case on which the Court could find that the note in suit was signed in the presence of an attesting witness.
5. That the burden of showing that the note was signed in the presence of an attesting witness is on the plaintiff.
Requests numbered 1 and 4 were refused, number 5, allowed, and number 2 disposed in the following language:
*296 “The court construes this request, in view of the defendant’s argument in this case, to mean that, if the defendant did not actually write his signature in the presence of the attesting witness, as distinguished from acknowledging his signature already written, the plaintiff cannot recover. Understood in this way, the request is refused.” Number 3 is refused by applying the same construction to this request as to request number 2.
The simple issue to be determined is whether this note has been attested within the meaning of Gr. L. (Ter. Ed.) 0. 260, §1, so that an action shall be brought on it within twenty years next after the cause of action accrued.
In Swazey v. Allen, 115 Mass. 594, it is quite appropri ately stated with particular force as it applies to the instant ease that, “The proposition to be established by the plaintiff is that the witness put his name to the note ‘openly, and under circumstances which reasonably indicate that his signature is with the knowledge of the promisor, and is a part of the same transaction with the making of the note. ’ ” Drury v. Vannevar, 1 Cush. 276. Smith v. Dunham, 8 Pick. 246. Phillips v. Vorenberg, 259 Mass. 46, 68.
In Parke v. Mears, 2 Bos. & Pul. 217, which is cited in Smith v. Dunham, supra, the witness Hearne was in the next room when the bond was executed and therefore did not see it signed and sealed. The defendant was present and heard the attorney ask Hearne to attest the bond. Hearne knew the defendant’s handwriting, and the defendant had acknowledged the bond. His consent therefore to the attestation of Hearne was a necessary inference.
Whitney v. Clary, 145 Mass. 156,157, is a case where the note in question was signed by the defendant and witnessed by one Groodell, who was in the adjoining room at the time of the maldng of the note and heard the conversation between the parties thereto as to the cause for giving the note, that she was called by her employer, the plaintiff’s intes *297 tote to witness the note as the defendant was taking up the note of his son. She read the note and signed it. The court found that the note was duly signed by the defendant, attested by the witness, with the knowledge of the defendant and as a part of the same transaction with the making of the note. Swazey v. Allen, supra.
Loring, J. in Nunn v. Ehlert, 218 Mass. 471, 474, stated that “To attest means to bear witness.” Further citations sustaining the action of the trial court could be given by us, but we deem it unnecessary. The evidence warranted the finding made by the trial judge and there was no prejudicial error in the disposition of the defendant’s requests for rulings.
Report dismissed.