Erro, J.
This is an action of contract to recover the amount due on a witnessed promissory note of $1500.00, dated June 10, 1926, given to the plaintiff’s intestate by the defendant to secure a mortgage of real estate. The defendant in his answer pleaded payment, and further answered “that he did not sign said note in the presence of a witness, the said Stanislau Fijal, wherefore the Statute of Limitations barred Plaintiff’s action.”
The reported evidence shows that the payee died in June, 1937, and that the plaintiff was appointed administratrix of her estate in June, 1945. The note is not set out as it should be in the report. A copy, however, appears in the plaintiff’s brief on which the name of one “Stanislau Fijal” appears as a witness. The note was produced at the trial and the plaintiff testified that in 1937, when she was fifteen years of age, she wrote a piece of paper at her mother’s request that $100.00 had been received from the defendant and that the balance then on the note was $900.00: This *153 paper, unsigned by anyone, was introduced in evidence. Tbe plaintiff further testified that her mother’s brother took care of her mother’s interests with reference to the note; that she gave it to her before she died and told her it was her (the plaintiff’s) property; that after her mother’s death, her uncle represented her in the handling of this note; that she brought an action on said note in 1942 in her personal capacity, which action was discontinued.
The defendant testified that he bought real property in 1926 through said decedent’s brother, and that as part of the purchase price he executed the note in question; that only the decedent’s brother was present when the note was signed. He also stated that afterwards he and this brother met at the Eegistry of Deeds, when he received a deed to the premises and he was introduced by this brother to Stanislau Fijal who then acted as the lawyer for all parties. In 1930, he told this brother that he could no longer carry the property and some arrangement was made whereby he would continue to take care of the property, collect the rents, and turn them to him as decedent’s agent. This arrangement continued until 1937 when this agent took possession of the property and held it until the foreclosure of a prior mortgage in 1940. He further stated that these rents amounted to $43.00 per month during the period between 1930 and 1937, and $68.00 per month between 1937 and 1940, and no accounting was ever given him.
At the close of the trial and before the final arguments, the defendant made the following requests for rulings of law: 1. The evidence warrants a finding for the defendant. 2. The evidence does not warrant a finding for the Plaintiff.
The Court denied request No. 2, and with reference to request No. 1, ruled as follows:
*154 “There was some evidence that would warrant a finding for the defendant; on all the evidence I find for the Plaintiff.”
The Court found for the plaintiff in the sum of $900.00, together with interest thereon at the rate of 7 per cent per annum from June 4, 1937.
Ordinarily the production of the note in evidence makes out a prima facie case. Burnham v. Allen, 1 Gray, 496, 500. Dean v. Carruth, 108 Mass. 242 at 244. But where, as here, the defendant, by his answer, denies that the note was witnessed and that an action thereon is barred by the Statute of Limitations, the burden is on the plaintiff to prove that the note was witnessed. Drury v. VanNever, 1 Cush. 276; Thompson v. Fisher, 123 Mass. 559, 560; and that the action was brought within the period of limitations. Pond v. Gibson, 5 Allen 19; Slocum v. Riley, 145 Mass. 370; McCarthy v. Simon, 247 Mass. 514, 519; Ronsenblatt v. Foley, 252 Mass. 188; Breen v. Burns, 280 Mass. 222; Sutherland v. MacLeod, 311 Mass. 321.
The only evidence shown by the report with reference to the attestation by a witness came from the defendant who testified that the alleged witness to the note was not present when he signed it. The Court might disbelieve that statement, but disbelieving it was not proof of the contrary.
Since no proof was made at the trial of this action that the note was duly attested, the action thereon was barred by the Statute of Limitations, G. L. Ch. 260, s. 2, and the second ruling requested by the defendant should have been given.
Therefore, the finding for the plaintiff' is to be vacated and a new finding is to be entered for the defendant.