WEST ROXBURY CO-OPERATIVE BANK *vs.* BLISS B. BOWSER & another.

Suffolk.    May 4, 1949. — June 30, 1949.

Present: QUA, C.J., LUMMUS, DOLAN, SPALDING, & WILLIAMS, JJ.

*Bills and Notes*, Attested note.    *Mortgage*, Of real estate: foreclosure.

At the trial of an action upon a promissory note which purported to be attested, the issue of attestation was for the jury where, although there was evidence that the note was signed by the maker in the presence of the witness and that the witness signed it in the presence of the maker, there also was testimony by the maker that he did not "see anyone sign as having witnessed his signature on the note" and did not "authorize anyone to witness his signature."

The question, whether there had been want of good faith and reasonable diligence on the part of a mortgagee of real estate in connection with a foreclosure by sale of the mortgage, should not have been submitted to the jury at the trial of an action for a deficiency after the foreclosure, where the defendant made no contention that the foreclosure proceedings were not in compliance with the requirements of the power of sale, and there was evidence merely that the mortgagee did not go "out anywhere and attempt to get anybody to buy" the mortgaged property and that only representatives of the mortgagee were present at the foreclosure sale, even if the property was bid in by the mortgagee for an inadequate amount.

CONTRACT on a promissory note dated December 2, 1927. Writ in the Superior Court dated November 10, 1947.

The action was tried before *O'Connell*, J.

*E. M. Joyce*, for the plaintiff.

*J. R. Wheatley*, for the defendants.

SPALDING, J.    This is an action upon a promissory note, secured by a mortgage of real estate, to recover a deficiency after a foreclosure sale. The defendants were the original makers of the note. It was agreed that if the plaintiff was

entitled to prevail the amount of recovery should be the sum set forth in the declaration. Numerous defences, including the statute of limitations, were pleaded by the defendants, but most of them were not relied on at the trial. In his opening counsel for the defendants stated that the only question was, "Was the note a witnessed note?" Despite that concession the case seems to have been tried not only on the issue of whether the action was seasonably brought but also on the issue of the plaintiff's good faith in the foreclosure of the mortgage. The defendants had a verdict and the case comes here on the plaintiff's exceptions to certain rulings made by the judge during the trial.

1. The plaintiff's motion for a directed verdict was rightly denied. One of the issues was whether the action was barred by the statute of limitations. If the case was governed by the twenty year provision, which would be applicable if the note were witnessed, since the plaintiff is the original payee (G. L. [Ter. Ed.] c. 260, § 1, Third), the action was seasonably brought.[1] If, on the other hand, the six year provision is applicable the action was barred (G. L. [Ter. Ed.] c. 260, § 2, First), and the plaintiff makes no contention to the contrary. The evidence on this issue was as follows: Mr. Stevenson, whose name appears on the note as a witness, testified that the note was signed in his presence by the defendants and that he signed his name as witness in their presence. One of the defendants testified that "he didn't see anyone sign as having witnessed his signature on the note; [and] that he didn't authorize anyone to witness his signature" on it.

"In order to constitute an attestation of a note, within the statute, the witness must put his name to it openly, and under circumstances which reasonably indicate, that his signature is with the knowledge of the promisor, and is a part of the same transaction with the making of the note." *Drury* v. *Vannevar*, 1 Cush. 276, 277. Whether the attestation of the note in question met the requirements

---

[1] See now G. L. (Ter. Ed.) c. 244, § 17A, as inserted by St. 1945, c. 604, § 1.

of the rule just stated was a question for the jury to determine on all the evidence. *Swazey* v. *Allen,* 115 Mass. 594. *Tompson* v. *Fisher,* 123 Mass. 559, 560. *Phillips* v. *Vorenberg,* 259 Mass. 46, 68. *L. Grossman Sons, Inc.* v. *Rudderham,* 319 Mass. 698, 699. The case is not governed by *Alpert* v. *Radner,* 293 Mass. 109, on which the plaintiff relies. In that case it was held that the defendant, by admitting in his answer the delivery by him of a note which purported to be witnessed, was estopped under G. L. (Ter. Ed.) c. 107, § 88, from contending that the note was not duly witnessed. That principle is not applicable here. There is nothing in the defendants' answer which can be construed to constitute an admission that the instrument sued on was delivered by them as a witnessed note. The *Radner* case did not purport to impair the authority of cases such as *Swazey* v. *Allen,* 115 Mass. 594, *Tompson* v. *Fisher,* 123 Mass. 559, and *Phillips* v. *Vorenberg,* 259 Mass. 46, cited above. Referring to these cases the court said, "There is a line of cases . . . in which it has been held that both the genuineness of the alleged witness's signature and whether in fact he witnessed the signature of the maker present questions for the jury. We do not doubt the correctness of these decisions as applied to cases where these issues are open to the defendant" (page 112).

2. The plaintiff contends that there was no evidence of lack of good faith [1] on its part in connection with the foreclosure of the mortgage and that the judge erred in submitting this issue to the jury. This point was raised by the plaintiff's third request which asked for an instruction that "the only consideration for the jury is — has the plaintiff proved that the note is a witnessed note." This request was refused, subject to the plaintiff's exception, the judge stating that it was covered by the charge and given in substance. But an examination of the charge, which is before us, reveals that this instruction was not given in substance and that the judge submitted the issue of bad faith to the

[1] We assume that this issue was open under that part of the defendants' answer which alleged that the foreclosure proceedings were improper.

jury. Indeed, the major portion of the charge was devoted to a discussion of that issue. This exception must be sustained.

The evidence bearing on that issue is as follows: The note and mortgage were delivered to the plaintiff by the defendants in 1927 in consideration of a loan of $4,500. "The note . . . is the coöperative bank type mortgage note, secured by coöperative bank shares." In 1929 the defendants transferred the property which was the subject of the mortgage to James and Olga Challoner and "took a second mortgage for $500." The Challoners, it seems, owned the equity in the property when the mortgage was foreclosed. At that time, February 19, 1935, the mortgage was in default and the amount due on the note was $4,942.80. "The property was advertised for sale under the power of sale" contained in the mortgage. Representatives of the plaintiff (but apparently nobody else) attended the sale and it was sold to the plaintiff, the highest bidder, for $3,000. One Deming, an assistant treasurer of the plaintiff who was also a licensed auctioneer, conducted the sale. Deming testified that "he did not know if the bank or anyone else sent any notice" of the foreclosure to the defendants. He did not make an inspection of the property to determine its fair market value. In answer to a question whether he went "out anywhere and attempt[ed] to get anybody to buy" the property, Deming replied that he did not.

It is familiar law that a mortgagee in exercising a power of sale in a mortgage must act in good faith and must use reasonable diligence to protect the interests of the mortgagor. Sandler v. Silk, 292 Mass. 493, 496, and cases cited. Chartrand v. Newton Trust Co. 296 Mass. 317, 320. The burden is on the mortgagor (the defendants here) to prove that the mortgagee has failed in that duty. Cambridge Savings Bank v. Cronin, 289 Mass. 379, 382. Purdie v. Roche, 304 Mass. 647, 649. When, as was the fact here, "a mortgagee . . . is both seller and buyer, his position is one of great delicacy. Yet, when he has done his full duty to the mortgagor in his conduct of the sale under the

power, and the bidding begins, in his capacity as bidder a mortgagee may buy as cheaply as he can, and owes no duty to bid the full value of the property as that value may subsequently be determined by a judge or a jury." *Cambridge Savings Bank* v. *Cronin,* 289 Mass. 379, 383. On this record it cannot be said that there was any evidence which would warrant the jury in finding bad faith on the part of the plaintiff. No contention is made that the foreclosure proceedings were not in compliance with the power of sale contained in the mortgage. If we assume in favor of the defendants that it could have been found that the price at which the property was sold was inadequate (although there was no evidence as to what the fair market value of the property was at the time of the sale), that fact, without more, would not show bad faith or lack of diligence. *McCarthy* v. *Simon,* 247 Mass. 514, 522. *Chartrand* v. *Newton Trust Co.* 296 Mass. 317, 320. *Atlas Mortgage Co.* v. *Tebaldi,* 304 Mass. 554, 558. That the plaintiff advertised the property in accordance with law is not disputed. It was not required to advertise it more extensively. *Clark* v. *Simmons,* 150 Mass. 357, 359–360. *Sandler* v. *Silk,* 292 Mass. 493, 497. *DesLauries* v. *Shea,* 300 Mass. 30, 36. And the fact, standing alone, that no one other than representatives of the plaintiff was present at the sale, was not proof of bad faith. *Cambridge Savings Bank* v. *Cronin,* 289 Mass. 379. Factors which were held sufficient to make an issue for the jury on the question of bad faith in *Kabolsky* v. *Kaufman,* 273 Mass. 418, and *Union Market National Bank* v. *Derderian,* 318 Mass. 578, on which the defendants rely, are not present here. The judge ought not to have submitted this issue to the jury and his refusal to grant the plaintiff's third request was prejudicial error.

The other exceptions need not be discussed as they relate to matters which are not likely to arise on a retrial of the case.

*Exceptions sustained.*