*Northern District*

No. 4606

## GENERAL FINANCE CORPORATION

v.

## ANNE J. MANDELLA

(January 22, 1953)

*CAVAN, J.* This action of contract was commenced by writ dated January 7, 1952, and the plaintiff seeks recovery of the unpaid balance, with interest, of a promissory note, of which the following is a copy:

"Loan No. 1703 Framingham, Mass., December 16, 1939

I, (we the undersigned, jointly and severally) promise to pay to General Finance Corporation of Framingham Two Hundred eighty ..... Dollars, with interest at the rate of 3 per cent per month on that part of the loan not in excess of $150 and 2 per cent per month on the re-

[142]

mainder of the loan, computed on unpaid balances of principal at its office now located at 129-A Concord Street, Framingham, Massachusetts. This obligation is payable in 14 consecutive monthly installments: 14 of $20.00 and a last one of $.... on the 16th day of each month after the date hereof.

It is understood by all parties to this instrument that demand, notice and protest are hereby expressly waived as provided by General Laws, Chapter 107, Section 133; that the entire amount of this note remaining unpaid may become due and payable at the election of the holder upon default in the payment of interest or any installment of principal, or if the property securing this obligation is destroyed by fire, or is sold, assigned, or moved without the written consent of the Lender, or if said property is attached by any person, or if the ownership of said property is claimed by any person other than the borrower.

No variation or extension of time of this note shall affect the obligations of any party hereto.

Witness: /s/ Mary C. Lozzaro

 Name /s/ Paul R. Conley

 Address 101 Worcester St., Natick

Witness: /s/ Paul R. Conley

 Name /s/ Anne L. Conley

 Address: 101 Worcester St., Natick

Witness:

 Name .........................

 Address .......................

The defendant was the wife of said Paul R. Conley, who died about six years ago. Thereafter, she remarried, and her present name is Anne L. Mandella.

The following is a copy of the defendant's answer:

"The defendant for answer denies each and every allegation, item, count and particular in the plaintiff's writ and declaration contained;

"And further answering, the defendant says that if she ever owed the plaintiff anything, the

same has been paid in full, and she now owes the plaintiff nothing;

"And further answering, the defendant says that the contract or note alleged in the plaintiff's declaration are illegal and void inasmuch as they are in violation of General Laws of Massachusetts relating to small loans;

"And further answering, the defendant says that the note was materially altered by the payee's agent or servants;

"And further answering, the defendant says that if it shall appear that she signed the note set forth in the Plaintiff's declaration, that she received no consideration therefor, but that the said note was signed for the accommodation of the plaintiff;

"And further answering, the defendant says that the plaintiff is barred from maintaining this action by the provisions of Chapter 260 of General Laws;

"And further answering, the defendant says that at the time of delivery and acceptance of the note in suit the plaintiff agreed not to hold the defendant personally liable thereon, but stated to the original borrower, who was the husband of the defendant, that it was the practice of their business to require a wife's signature to a note, and that they only wanted her signature because of the practice and would not hold her liable, and the defendant pleads such knowledge and representation by the plaintiff as an equitable defence to this action."

The note was introduced in evidence and Mary C. Lazzaro, one of the witnesses thereto and the treasurer of the Plaintiff corporation, testified that she never knew or saw the defendant prior to the trial of this action; that, at the time the note was presented to her for discount, she did not know whether the defendant's signature was witnessed; that she herself witnessed Paul R.

Conley's signature and could not remember whether the other signature was witnessed when presented to her, or whether Paul R. Conley added his signature at the office; that he might have witnessed the note while she went into another room to service the loan; that she had no knowledge of how or when Paul R. Conley's signature, as witness to his wife's signature, was written on the note, and that said note bore all signatures prior to the closing of the transaction and prior to the acceptance of the note by the plaintiff.

The defendant was called as a witness by the plaintiff, and she testified that the signature on the note was hers, and that it was her late husband's signature, both as maker and witness on the note. She said, "I signed, but he did not sign as witness in my presence."

The report contains this statement: "There was further evidence to support the findings of fact made by the Court."

Such findings are as follows: "The plaintiff is a corporation with a usual place of business in Framingham, Massachusetts, and it is and was engaged in loan transactions. Under date of December 13, 1939, the defendant and her late husband, Paul R. Conley, for consideration paid, executed a joint and several promissory note to the plaintiff in the principal amount of Two Hundred Eighty Dollars. On April 22, 1942, the principal balance due was $254.78. The same principal balance was carried from July 25, 1940. Although the said note calls for interest 'At the rate of 3 per cent per month on that part of the loan not in excess of $150 and 2 per cent per month on the remainder of the loan,' and although subsequent statutory provisions may bear upon interest collectible, the plaintiff in this action claims as interest to the date of the writ only the additional sum of $147.77 based upon simple interest at the rate of 6 per cent per annum. Negotiations leading to the acceptance of said note by the plaintiff were

[145]

undertaken by the defendant's late husband Paul R. Conley. The present Treasurer of the plaintiff company testified in part and in substance that the 'dealings' all were with said Paul R. Conley. The said Paul R. Conley and the defendant each signed said note as maker. The said note bore the printed word 'witness' and a dotted line with a space for a signature by a witness beside the space for the signature of each maker. The present treasurer of the plaintiff company testified in part and in substance that said Paul R. Conley signed said note as maker at the office of the plaintiff and that the said treasurer then witnessed the signature of said Paul R. Conley. The said Paul R. Conley signed said note as a witness to the signature of the defendant, but upon all the evidence the time when said Paul R. Conley signed said note as a witness, is uncertain. I find upon all the evidence that the said note bore all signatures thereon as makers and as witnesses prior to the completion of 'the transaction,' prior to the 'closing,' prior to the completion of the loan, prior to the acceptance of said note by the plaintiff. I find that there has been no alteration of said note."

The defendant's requests for rulings and action thereon are as follows:

1. On all the evidence and the law the note on which the plaintiff sued is not a note upon which the plaintiff was entitled to bring action after the expiration of six years. *Denied.*

2. On all the evidence the note has been materially altered. Denied. *Contrary to facts found.*

3. The burden of proving that the signature of the defendant as maker of the note was witnessed, is upon the plaintiff. *Allowed.*

4. If on all the evidence the Court finds that when the defendant signed her name as maker and her signature was not witnessed

in her presence, then said note is not a witnessed note which would entitle the plaintiff to bring this action after six years. Denied. *Contrary to facts found.*

There was a finding for the plaintiff and the defendant claims to be aggrieved by the finding and the denial of her requests numbered 1, 2 and 4.

G. L. c. 231, § 108, provides only for a report of "any ruling on a matter of law." A finding of fact is not a proper subject of a report. *Perry* v. *Hanover*, 314 Mass. 167, 169.

The defendant's requests numbered 1 and 2 were not accompanied by specifications of the grounds upon which they are based and therefore do not comply with Rule 27 of the District Courts. *Duralith Corp.* v. *Leonard*, 274 Mass. 397, 400. There was evidence that when the note was delivered and accepted by the plaintiff payee, it was signed by the defendant's late husband as a witness to her signature as maker. The trial judge was right in denying these two requests.

There is nothing in the defendant's answer that indicates that the note in question was delivered by her as a witnessed note. G. L. c. 107, § 88. There was evidence to the effect, and a finding by the judge in substance that all negotiations with the plaintiff in relation to said note were made by the defendant's late husband, Paul R. Conley, alone. This case therefore is not governed by *Alpert* v. *Radner*, 293 Mass. 109.

The defendant testified that she signed said note but that her said late husband did not sign, as a witness to her signature, in her presence.

"In order to constitute an attestation of a note, within the statute, the witness must put his name to it openly, and under circumstances which reasonably indicate that the signature is with the knowledge of the promisor, and is a part of the same transaction with the making of the note."

*Drury* v. *Vannevar,* 1 Cush. 276, 277; *Phillips* v. *Vorenberg,* 259 Mass. 46; *West Roxbury Co-op Bank* v. *Bowser,* 324 Mass. 489, 490.

"Ordinarily the addition of the name of a witness to a note would have the effect of extending the period of limitation of action thereon to twenty years after the cause of action accrued., G. L. c. 260, § 1 *Third,* and so would be a material alteration." *Mindell* v. *Goldman,* 309 Mass. 472, 474.

Whether the attestation of a note conforms to the general rule above stated, is the question for the jury. *Alpert* v. *Radner,* 293 Mass. 109, 112; *West Roxbury Co-op Bank* v. *Bowser,* 324 Mass. 489.

The defendant's request for ruling numbered 4, required a ruling upon the legal result of the facts stated. *Liberatore* v. *Framingham,* 315 Mass. 538, 543. This request was denied as contrary to facts found.

It is not clear that the judge's finding "that there has been no alteration of the note" covers the period from the time of its signing by the defendant as maker, to its acceptance by the plaintiff. From its context in the statement of findings, it seems to be a conclusion based, only, on the fact that the note bore all signatures thereon as makers and witnesses at the time of its acceptance by the plaintiff.

The statute of limitation of actions, G. L. c. 260, is pleaded and the judge has rightly ruled that "the burden of proving that the signature of the defendant as maker of the note was witnessed, is upon the plaintiff."

As the defendant did not deliver the note to the plaintiff, a finding, in substance, that the note was not altered after its receipt by the plaintiff, does not satisfy the requirements of the rule of attestation above stated.

The finding "upon all the evidence the time

when said Paul R. Conley signed said note as witness, is uncertain," would indicate that the plaintiff had failed to sustain the burden of proving that the defendant's signature was witnessed as provided in said rule of attestation.

The denial of the defendant's fourth request for ruling was prejudicial error. *The finding for the plaintiff is to be vacated and a new trial ordered.*

For Plaintiff: Joseph H. Lewis.

For Defendant: Francis C. McKenna, Dewey C. Kadra.