HARRY SHER *vs.* SOUTH SHORE NATIONAL BANK & others.[1]

Suffolk. September 17, 1971. — November 5, 1971.

Present: TAURO, C.J., CUTTER, BRAUCHER, & HENNESSEY, JJ.

*Mortgage*, Of real estate: foreclosure. *Contract*, What constitutes, To give notice.

In a suit in equity by the second mortgagee against the first mortgagee of a parcel of real estate, allegations that the parcel had a fair market value of $52,500 but was sold by the defendant at public auction for $35,500 and that the defendant, who had complied with the statutory notice requirements of G. L. c. 244, § 14, had failed to give the plaintiff actual notice of the foreclosure sale did not support an inference of bad faith on the part of the defendant; correspondence between the parties prior to the sale did not constitute a special agreement whereby the defendant was under a duty to give notice in a different manner from that which the statute required. |400–403|

BILL IN EQUITY filed in the Superior Court on December 1, 1969.

The suit was heard by *Lurie, J.*

*Benedict Horowitz* for the plaintiff.

*William A. Mather* for the defendants.

HENNESSEY, J. This is an appeal from an interlocutory decree sustaining the demurrers of the defendants and from a final decree dismissing the amended bill in equity. The bill alleged bad faith and negligence in the conduct of a foreclosure sale held by the defendant bank of premises upon which the plaintiff had a junior mortgage.

Facts recited in the amended bill, which for purposes of the demurrers must be taken as admitted, *Shea* v. *Shea*, 296 Mass. 143, are here set forth. The defendant bank was the holder of a first mortgage on property located in Hingham. The plaintiff is the holder of a second mortgage on

---

[1] Daniel and Lorraine Harrington, husband and wife, were purchasers at the foreclosure sale.

the same property. The second mortgage is dated June 25, 1969, and is in the face amount of $21,240. By letter dated June 27, 1969, the attorney for the plaintiff advised the defendant bank of its interest in the premises and enclosed a check in the amount of $1,444 to reinstate the first mortgage account. The last paragraph of that letter stated, "In the event that you occasion any problems whatsoever in connection with the first mortgage held by you on the above captioned premises, kindly notify the second mortgagee at the above given address." On July 3, 1969, the attorney for the defendant bank returned the check to the plaintiff's attorney and advised the plaintiff that he was asked to commence foreclosure proceedings. The letter read, in relevant part, "I represent the South Shore National Bank, which has asked me to commence and complete foreclosure proceedings in the above-entitled matter." On November 21, 1969, the mortgagor notified the plaintiff that the premises had been sold that day at public auction for $35,500. The plaintiff, on or about June, 1969, appraised the property subject to the mortgage and determined its fair market value to be $52,500. We will assume that there was no substantial depreciation in the value of the premises from June, 1969, to the date of the sale, that the plaintiff was never notified of the sale and that at all times he was ready and willing to purchase the premises.

The issue raised by the plaintiff's appeal is whether the amended bill presents sufficient allegations of bad faith and negligence by the defendant bank to warrant this court in holding that the judge erred in sustaining the demurrers. A mortgagee in executing a power of sale contained in a mortgage is bound to exercise good faith and put forth reasonable diligence. *Chartrand* v. *Newton Trust Co.* 296 Mass. 317, 320. *DesLauries* v. *Shea,* 300 Mass. 30, 34–36. *West Roxbury Co-op. Bank* v. *Bowser,* 324 Mass. 489, 492. This duty and obligation is available for the protection not only of the mortgagor but of those claiming in his right, including those holding junior encumbrances or liens.

*Sandler* v. *Silk*, 292 Mass. 493, 496, and cases cited. However, in this case the plaintiff has failed to allege sufficient facts to support an inference of bad faith or negligence in the defendant bank.

The property in question was sold at the foreclosure sale for less than its appraised fair market value. On this point, the plaintiff concedes that mere inadequacy of price alone does not necessarily show bad faith or lack of due diligence. *Sandler* v. *Silk*, 292 Mass. 493, 497. *DesLauries* v. *Shea*, 300 Mass. 30, 34–35. *West Roxbury Co-op. Bank* v. *Bowser*, 324 Mass. 489, 493. He argues, however, that the disparity in price may be considered in connection with other allegations to support a finding of fraud or bad faith. This statement is in accord with our law. *Sandler* v. *Silk*, 292 Mass. 493, 497.

The other allegation on which the plaintiff relies to support his claim of bad faith is the failure of the defendant bank to give him actual notice of the date of the foreclosure sale. It is conceded that the defendant bank did satisfy the statutory notice requirements of G. L. c. 244, § 14. The statute, by its terms, does not require additional notice. Furthermore, this court has held on numerous occasions that a mortgagee ordinarily is not required, in the absence of a special agreement, to give notice of a foreclosure sale other than by publication. *DesLauries* v. *Shea*, 300 Mass. 30, 36. *Dyer* v. *Shurtleff*, 112 Mass. 165. *Johnston* v. *Cassidy*, 279 Mass. 593, 597. *West Roxbury Co-op. Bank* v. *Bowser*, 324 Mass. 489, 493. The plaintiff argues here that the correspondence between the parties constituted a special agreement whereby the defendant bank was under a duty to give him actual notice of the foreclosure sale. We do not agree. The letters exchanged between the two lawyers did not constitute a special agreement which would entitle the plaintiff to notice beyond the requirements of G. L. c. 244, § 14. The plaintiff seeks to place a burden upon the defendant bank based upon his unilateral action. The situation here is different from that presented in *Sandler* v. *Silk*, 292 Mass.

493, 496–497, where an attorney for one of the defendants stated to an attaching creditor that there would be no foreclosure sale without notifying the creditor's attorney in advance. On this and other evidence in that case this court concluded that the judge was warranted in finding that the defendant mortgagees had violated their duty of good faith and reasonableness.

In the absence of a special agreement to give notice, the entire circumstances here do not support the plaintiff's argument that the collective allegations of his bill amount to an assertion of bad faith or negligence. The price disparity alone is not so gross as to indicate bad faith or lack of reasonable care. *Atlas Mortgage Co.* v. *Tebaldi,* 304 Mass. 554, 558. Furthermore, even though it had no duty to give more than the statutory notice, the defendant bank by its attorney's letter put the plaintiff upon notice that a sale was imminent. The plaintiff then had ample opportunity to protect his own interests. The allegations here are, in our view, no stronger for the plaintiff than those in *DesLauries* v. *Shea,* 300 Mass. 30, where we reached a similar result.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs*
*of appeal.*