BAY STATE CAFE, INC. *vs.* LOUIS R. COHEN. June 6, 1956. Decision affirmed. During the course of a hearing on a bill in equity brought by the plaintiff, which was holding certain premises in Boston as assignee of a lease, to prevent the defendant owner from evicting it, the parties agreed in a writing dated April 17, 1954, to settle their controversy, and two instruments in the form of final decrees and bearing the assent of all parties in interest were left with counsel for the defendant; one favorable to the plaintiff and requiring reinstatement of the lease was to be entered if certain things according to the written agreement of April 17, 1954, were performed by the plaintiff by July 2, 1954, otherwise the decree terminating the lease and dismissing the bill was to be entered. Counsel for the defendant caused the latter decree to be entered on July 7, 1954. The plaintiff on July 9, 1954, filed a motion to vacate this decree and after a denial of this motion he filed a second motion on October 29, 1954, to vacate the decree of July 7, 1954. The plaintiff has appealed from a decree denying his motion of July 9, 1954. He has also excepted and appealed from the denial of his motion of October 29, 1954. No exceptions were perfected. We assume in favor of the plaintiff, without deciding, that these appeals are properly here, see *Carilli* v. *Hersey,* 303 Mass. 82, 86–87, because in any event the ultimate decision must be against the plaintiff. *Commonwealth* v. *McHugh,* 326 Mass. 249, 275. We have examined the evidence. The case comes within the familiar rule that, upon an appeal with a transcript of evidence but without any report of the material facts, the entry of a decree imports the finding of every fact necessary to support the decree, *Slater* v. *Munroe,* 313 Mass. 538, 540; *Marlowe* v. *O'Brien,* 321 Mass. 384, including the implied finding that the entry of the decree on July 7, 1954, was warranted by breach of the written agreement by the plaintiff of April 17, 1954. There was no error in the denial of the motions and the decision of the court must be affirmed.

*Angus M. MacNeil,* for the plaintiff.
*Maurice Tobey,* for the defendant.