# DECISIONS

OF THE

## SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

---

Louis R. Cohen *vs.* Bay State Cafe, Inc. & others
(and two companion cases[1]).

Suffolk.    March 7, 1960. — May 3, 1960.

Present: Wilkins, C.J., Spalding, Williams, Whittemore,
& Cutter, JJ.

*Equity Pleading and Practice,* Appeal. *Contract,* Performance and
breach. *Mortgage,* Of personal property: foreclosure.

On the record the defendants in a suit in equity were not aggrieved by a
final decree dismissing the bill and had no standing to appeal there-
from. [3]
Read together, a paragraph of an agreement between a lessor and the
lessee of cafe and restaurant premises providing that the lessee should
"renovate" the premises and "commence operations" on or before a
specified date, and a paragraph providing that money deposited in
escrow by the lessor should be paid to the lessee "on commencement of
operation of cafe and restaurant," made the payment of the money con-
ditional upon a substantial renovation of the premises and something
more than a mere token operation of the cafe and restaurant, and the
lessee was not entitled to the money where he failed to satisfy such
conditions within the specified time. [3–4]

---

[1] The companion cases are Russell J. Coffin *vs.* Bay State Cafe, Inc. & an-
other, and Bay State Cafe, Inc. *vs.* Louis R. Cohen.

A conclusion in a suit in equity that a foreclosure sale under a chattel mortgage was not proved to have been conducted in bad faith was not erroneous on the record although only the mortgagee and his representatives attended the sale and the mortgagee bid in the property.   [5]

In a suit wherein a foreclosure sale under a chattel mortgage was attacked as unfair on the ground that an outstanding injunction obtained by the mortgagee against the mortgagor in another, unrelated proceeding restrained the mortgagor from entering the premises where the sale was conducted, it was proper to rule that the mortgagor, not the mortgagee, had the burden of obtaining a modification of the injunction enabling the mortgagor to attend the sale, and where the mortgagor did not seek to obtain it the existence of the injunction did not impair the validity of the sale.   [5–6]

THREE BILLS IN EQUITY, filed in the Superior Court on July 9, 1954, September 2, 1954, and May 2, 1955, respectively.

The suits were heard by *Macaulay, J.*

*Angus M. MacNeil, pro se.*

*Herbert Fenderson,* for Louis R. Cohen, submitted a brief.

SPALDING, J.   These three appeals in suits that were heard together are another chapter in protracted litigation which is very familiar to this court.   See *Bay State Cafe, Inc.* v. *Cohen,* 334 Mass. 705, and *Bay State Cafe, Inc.* v. *Cohen,* 336 Mass. 758.

The background of these cases, briefly stated, is this. Bay State Cafe, Inc. (Bay State), occupied premises at 642–644 Washington Street, Boston, under a written lease which had been assigned to it in March, 1953.   Early in 1954 Louis R. Cohen purchased the building subject to the lease; he also received an assignment of the lessor's interest in the lease.   Before Cohen acquired title, the premises had been badly damaged by a fire.   On March 15, 1954, Cohen terminated the lease for alleged breaches thereof.   On the following day Bay State brought a suit to restrain Cohen from interfering with its possession.   On April 17, 1954, Bay State and Cohen entered into the "Memorandum of Agreement" discussed hereinafter.   Russell J. Coffin, Esq., and Solomon Mondlick, Esq., assented to the memorandum to the extent that it involved them.   Clause 10 of this memo-

randum was in issue in 334 Mass. 705. Clauses 5 and 6 thereof are involved in the second case here.

## THE FIRST CASE.

This suit is brought by Cohen to restrain Bay State, Martin Edwards, Inc., Brigham's Cafe, Inc., and Angus MacNeil from interfering with his possession of the premises at 642–644 Washington Street. A temporary restraining order was entered, but later the court ordered the bill dismissed for the reason that because of the decision of this court in 334 Mass. 705 the matter was res judicata, and for the further reason that the case was moot, since the plaintiff "[is] not now . . . asking for the relief sought for in this bill." A final decree was entered dismissing the bill, from which the defendants appealed. The defendants were not aggrieved by this decree and have no standing to appeal. G. L. c. 214, § 19. *Langley* v. *Conlan*, 212 Mass. 135, 140.

*Appeal dismissed.*

## THE SECOND CASE.

This is a bill in equity brought by Russell J. Coffin, Esq., alleging that he held the sum of $5,000 in escrow under the "Memorandum of Agreement" dated April 17, 1954, and that claims to this fund were being made by Bay State and Cohen. He alleged that he was a mere stakeholder as to this fund and asked that he be allowed to pay it into court so that the court could determine who was entitled to it.

The pertinent paragraphs of the agreement are the following: "5. Bay State Cafe, Inc., shall renovate premises, and by June 1, 1954, have removed debris and shall commence operations on or before July 1, 1954. Russell J. Coffin shall be sole judge of a fair compliance of the requirements contained in this paragraph. 6. Louis R. Cohen will forthwith deposit $5,000 with Russell J. Coffin in escrow to be paid to Bay State Cafe, Inc., on commencement of operation of cafe and restaurant portion of the premises, otherwise . . . Coffin shall return said $5,000 to . . . Cohen."

The judge made findings of material facts and ordered a

decree to be entered that the $5,000 held in escrow by Mr. Coffin be paid to Cohen. Bay State appealed. The evidence is reported.

There was no error.

After detailed findings, the judge concluded as follows: "In consideration of all evidence and based on the subsidiary findings above set forth, it is found that the premises were not renovated by Bay State . . . in accordance with the undertaking contained in the April 17th agreement and that while some food might have been sold in the restaurant in connection with the bar business in June, 1954, the operation of the bar and restaurant was comparatively small and not a complete operation. Even on July 31st . . . the large back room on the first floor was dark and not in operation."

We are of opinion that paragraphs 5 and 6 of the agreement must be read together and, when so read, they make the payment of the $5,000 conditional upon the renovation of the premises to a substantial extent and upon the commencement of something appreciably more than a token operation of the bar and restaurant. It is clear from the findings of the judge recited above that these conditions were not satisfied. It would serve no useful purpose to recite the subsidiary findings. It is enough to say that they are not plainly wrong and are not inconsistent with the ultimate findings.

*Decree affirmed with costs of appeal.*

### THE THIRD CASE.

In connection with the original lease of the Washington Street premises the lessee (Bay State's predecessor) gave a mortgage of certain personal property on the premises to the lessor (Cohen's predecessor) as security for the performance of the lease. Bay State and Cohen have succeeded to the rights and obligations under the lease (including those under the mortgage) of the lessee and lessor, respectively. Early in September, 1954, Cohen took steps to foreclose the mortgage and a foreclosure sale by public

auction was held on the premises on September 25. At the sale Cohen, as the highest bidder, purchased the property for $1,000.

This suit is brought by Bay State against Cohen to have the foreclosure declared invalid on the grounds (1) that the mortgage was not in default, (2) that proper notice of the sale was not given, (3) that the sale was not conducted in good faith, and (4) that property not covered by the mortgage was included in the sale. The judge found that none of these allegations was proved and ordered a decree to be entered dismissing the bill. A final decree was entered in accordance with this order, from which Bay State appealed. The evidence is reported.

1. The judge made detailed and careful findings of fact. He found that the mortgage was in default and this finding was clearly justified. Indeed, as the judge ruled, it was an established fact under principles of collateral estoppel by reason of our decision in 334 Mass. 705 which involved the same parties.

2. Under the terms of the mortgage the mortgagee could give either written notice of his intention to foreclose or notice by publication. Cohen chose the latter method and the judge found that the notice complied in all respects with both the provisions of the mortgage and G. L. c. 255, § 5. This finding was supported by the evidence.

3. Although only Cohen and his representatives attended the sale and Cohen purchased the property for $1,000, the judge reasonably concluded that the plaintiff had not proved that the sale was conducted in bad faith. The duties of fairness and good faith owed by a mortgagee to a mortgagor in connection with a foreclosure were stated in *West Roxbury Co-op. Bank* v. *Bowser,* 324 Mass. 489, and it is apparent that the judge was guided by the principles of that case in reaching his decision.

There is nothing in Bay State's contention that the sale was unfair because its representatives were unable to attend by reason of a court injunction. It is true, as the judge found, that there was in effect at the time of the sale

an injunction which Cohen in earlier proceedings (having nothing to do with the foreclosure sale) had obtained against Bay State and its attorneys and agents. The injunction ordered them "to refrain from . . . entering upon the premises at 642–644 Washington Street."[1]  Bay State contended that it was Cohen's duty to have the injunction modified so that its agents could attend the sale. The judge ruled, in effect, that if Bay State desired to have its agents attend the sale the duty rested upon it, and not upon Cohen, to obtain a modification of the injunction. This ruling was right. What the legal situation would be if Bay State had applied for a modification and it had been denied is a question that need not be decided. It is enough to say, as the trial judge did, that the existence of the injunction did not impair the validity of the sale.

4. Bay State's contention that the sale was invalid because it included property not covered by the mortgage is answered by the finding of the judge that Bay State failed to establish this fact.

<em>Decree affirmed with costs of appeal.</em>

---

[1] We infer that this was the preliminary injunction referred to in the first case.