ARTHUR T. WINTERS & another *vs.* FEDERAL LAND BANK OF SPRINGFIELD & another. November 29, 1963. Final decree affirmed with costs to Federal Land Bank of Springfield. Winters and his wife executed a note for $15,600 secured by a statutory power of sale mortgage upon land in Barre, and, as part of the transaction, bought $780 of stock in the mortgagee land bank. This was held "as collateral security for the loan." See 12 U. S. C. § 733 (1958, and Supp. IV, 1962). The mortgagors became delinquent in making payments. At the time of foreclosure, "after giving [proper] credit for stock, the amount due . . . [to the] bank . . . was $17,167.37." On September 20, 1960, the bank purchased the property for $1,200 at the foreclosure sale, which had been duly advertised and of which the mortgagors had actual notice. Proceedings relating to the Soldiers' and Sailors' Civil Relief Act of 1940 had been instituted and the sale was made in compliance with the applicable statutes "and by decree of . . . [the] Superior Court." The bank sold the foreclosed property by deed dated September 15, 1961, for $20,000. These facts were found by a master appointed in these proceedings to obtain an accounting for what the bank received from the foreclosure and resale of the property and for the bank stock. The bill was properly dismissed. The facts found by the master do not justify any inference of bad faith or improper conduct by the bank. See *Cambridge Sav. Bank* v. *Cronin,* 289 Mass. 379, 383; *West Roxbury Co-op. Bank* v. *Bowser,* 324 Mass. 489, 491–493; *Cohen* v. *Bay State Cafe, Inc.* 341 Mass. 1, 5–6. See also *Federal Land Bank* v. *County Commrs.* 368 U. S. 146, 151–152. The finding that the bank stock held as collateral was "properly credited" is conclusive as to that question.

*Arthur T. Winters* for the plaintiffs.

*Harry Zarrow* for the defendants.