CHARLES MANOOG vs. CHARLES C. MIELE & another.

Norfolk.    January 3, 1966. — February 7, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Mortgage,* Of real estate: foreclosure. *Evidence,* Relevancy and mate-
riality.

Where a mortgagee of real estate in foreclosing his mortgage did not in
fact disclose certain information to the mortgagor, whether or not the
mortgagee intended to disclose the information was immaterial on the
issue of the propriety of the conduct of the foreclosure.    [205–206]
After the judge in an action had given the jury accurate and detailed in-
structions as to the strict duty of a mortgagee of real estate to act in
good faith and use reasonable diligence to protect the interests of the
mortgagor in exercising the power of sale in the mortgage, there was no
error in refusing an instruction requested by the mortgagor that the
mortgagee in the foreclosure was a "trustee" for the mortgagor and
other persons interested.    [207–208]
On evidence in an action between a mortgagee of real estate and the mort-
gagor, that shortly before a foreclosure sale of the real estate the mort-
gagee, subject to obtaining title in the foreclosure, contracted to sell the
real estate to a third person for $45,000, receiving as part of the purchase
price a ten year mortgage for $35,000 at six percent interest, and agreed
to pay the commission of a broker with whom the real estate had been
placed, that the mortgagee did not disclose the contract price to the
mortgagor, and that at the foreclosure sale, although there were several
people in attendance including the third person, the mortgagee was the
only bidder and bought in the real estate for $40,000, there was no error
in refusals to instruct the jury that the mortgagee's bid of $40,000 after
he had contracted to sell the real estate for $45,000 constituted bad faith
and that the mortgagee's failure to disclose such $45,000 price to the
mortgagor constituted bad faith.    [208–209]

CONTRACT.    Writ in the Superior Court dated January 2,
1963.

There were verdicts for the plaintiff at the trial before
*Moynihan,* J., and the defendants alleged exceptions.

*Neil A. Cooper* for the defendants.

*Dennis M. Cronin* for the plaintiff.

REARDON, J.    This case involves a deficiency judgment
and is here on the defendants' exceptions to the judge's re-
fusal to give certain instructions to the jury and to his ex-

clusion of a question during trial. The facts are as follow.

On December 4, 1958, the defendants executed a $45,000 note secured by a mortgage on certain parcels of real estate. They defaulted on this note in May, 1962. Following notice on October 5, 1962, of his intention to foreclose, the plaintiff took possession of the premises on October 23, 1962. On October 26, 1962, nineteen days before the foreclosure sale, the plaintiff Manoog entered into an agreement with one Barber for the purchase and sale of the property described in the mortgage. Under the agreement Barber gave Manoog a $2,000 deposit and contracted to purchase the premises from him for $45,000, subject however to the acquisition of title by Manoog at the foreclosure sale. Manoog described the contract purchase price of $45,000 as a "fair price for that property" on October 26, 1962. The agreement further provided that Manoog was to receive from Barber as part of the purchase price a ten year mortgage in the sum of $35,000 at six per cent interest and was to pay a broker's commission. Manoog "talked" to the defendant Snow about the agreement before it was executed but did not then or later disclose the purchase price. Before the foreclosure sale Manoog permitted Barber to occupy the premises and to bring trucks upon the property. At the foreclosure sale held on November 14, 1962, there were seven or eight people in attendance, including Barber, and the auctioneer made a general solicitation for bids. Manoog, however, was the sole bidder and, when his bid of $40,000 was accepted, he gave the auctioneer a $2,000 deposit in accordance with the terms of the sale as advertised. Sometime thereafter Manoog sold the land to Barber for $45,000. In this action the jury assessed a deficiency of $5,488.67 against both defendants. This figure reflected the total of the unpaid balance of the note, unpaid interest thereon to the date of sale, taxes paid by Manoog, and the costs of sale, with credits to the defendants for rents received by the plaintiff prior to sale, and such amounts as they had prepaid for the real estate taxes.

1. The question which was put to the plaintiff and excluded was, "You expected to keep the $45,000.00 when you

passed papers on that property without disclosing it to Snow or Miele?'' There was evidence that the plaintiff had never disclosed to the defendants the details of his agreement with Barber. Since the plaintiff never in fact disclosed the price, whether or not he had intended to disclose it was of no importance. The question asked was thus immaterial and the judge did not err in excluding it.

2. The judge, in charging the jury on the responsibilities of the mortgagee in the circumstances described above, cited and quoted from *West Roxbury Co-op. Bank* v. *Bowser*, 324 Mass. 489, 492, where it was said, ''It is familiar law that a mortgagee in exercising a power of sale in a mortgage must act in good faith and must use reasonable diligence to protect the interests of the mortgagor. . . . The burden is on the mortgagor (the defendants here) to prove that the mortgagee has failed in that duty. . . . When, as was the fact here, 'a mortgagee . . . is both seller and buyer, his position is one of great delicacy. Yet, when he has done his full duty to the mortgagor in his conduct of the sale under the power, and the bidding begins, in his capacity as bidder a mortgagee may buy as cheaply as he can, and owes no duty to bid the full value of the property as that value may subsequently be determined by a judge or a jury.' '' The judge continued his charge, ''Now, the defendants have introduced evidence and a fact that is not disputed is that prior to the foreclosure sale plaintiff made an arrangement with one Mr. Barber to sell the property to him at a price of $45,000. The defendant[s] . . . [claim] that under those circumstances there was a breach of the duty owed by the mortgagee in the mortgagee's conduct of the foreclosure sale. That is a question of fact that you will have to determine. It is not a question of law, but I can instruct you the defendant[s] . . . [argue] that you have a price differential there. . . . You are entitled to ask yourselves, also, these questions. Acting in good faith and with reasonable diligence, should Mr. Manoog have said to Mr. Barber when they were negotiating for a property, 'Look, the property is going to be sold at a foreclosure sale.

Why don't you show up at the sale and bid for yourself?'
Should he have refrained from entering into an agreement
as a matter of good faith with Mr. Barber or were the terms
of the agreement he entered into substantially different
from the terms of the mortgage foreclosure itself so that it
had no effect on the bidding? These are questions, Mr.
Foreman, ladies and gentlemen, that you are going to have
to decide and not questions of law upon which the Court
can give you any instructions. So that with respect to the
issues in the case, you must decide this issue. First, did
the plaintiff act in good faith and did he exercise reasonable
diligence in the conduct of the foreclosure sale? If your
answer is the Plaintiff did act in good faith and in the exer-
cise of reasonable diligence in the conduct of the foreclosure
sale, then you would be warranted in finding for the plain-
tiff . . . ." In addition to giving the portions of the charge
quoted above, the judge had granted one of the requests of
the defendants for instructions to the jury to the effect that
" [t]he mortgagee, in foreclosing his mortgage has the duty
of good faith and reasonable care to secure the highest
price that the property can bring." The judge, however,
denied the defendants' request that he charge the jury
that the "[p]laintiff, as foreclosing mortgagee is a trus-
tee for the benefit of all persons interested, including the
Defendant[s]."

There was no necessity for the judge to go further than
he did in delineating the obligations of the mortgagee in
this instance. The principles drawn from the *West Rox-
bury Co-op. Bank* case cited by the judge provide appropri-
ate guidelines for the jury on the facts which had been laid
before them. *Cambridge Sav. Bank* v. *Cronin,* 289 Mass.
379, 383. *Union Mkt. Natl. Bank* v. *Derderian,* 318 Mass.
578, 581–582. *Andover Sav. Bank* v. *Basha,* 326 Mass. 725,
727. *Cohen* v. *Bay State Cafe, Inc.* 341 Mass. 1, 5. The
sense of the charge given to the jury was that the duty of
acting with good faith and reasonable diligence imposed on
the mortgagee was a strict one. What the judge had to
say about the mortgagee's duties placed them in their

proper perspective before the jury. The jury would have been confused rather than assisted by the employment of the word "trustee" in the judge's charge, for there is no built-in magic in that word which would have added any more in the way of guidance than the judge conveyed without using it.

3. The defendants requested an instruction to the effect that "[t]he conduct of the Plaintiff in bidding $40,000.00 at the foreclosure sale, when prior to the sale he had entered into an agreement to sell the property for $45,000.00 constitutes bad faith." There was no error in refusing to give this instruction. The question which it raised was whether the plaintiff had "chilled" the sale. *Lexington Trust Co.* v. *McCabe,* 313 Mass. 733, 735. Whether a sale has been "chilled" is a complex question of fact which cannot be said to hinge solely upon the existence of a differential between the agreement price and the forclosure sale price. See *Cambridge Sav. Bank* v. *Cronin,* 289 Mass. 379, 383.

A knowledgeable mortgagee should not be allowed to assume a position such that he preëmpts the field of bidders and discourages other potential bidders at a sale. He is not to be permitted to indicate in advance to other potential bidders that it is his intention to bid a price beyond a reasonable figure at the foreclosure sale unless they agree to buy the property from him at a reasonable price once he has bought the property at the foreclosure sale at a price which is unreasonably low. Such behavior by a mortgagee might result in a substantial deficiency to be later collected from the mortgagor. On the other hand, the law must not be such as to discourage a mortgagee from dealing prior to the foreclosure sale with persons who might otherwise not be interested in the property. A smaller deficiency to be met by the mortgagor may well be occasioned by a mortgagee's knowledge of the availability of a person who will purchase from the mortgagee subsequent to a mortgagee's acquisition of title at the foreclosure sale. See *Dexter* v. *Shepard,* 117 Mass. 480, 485–486.

Manoog *v.* Miele.

In the instant case it appears that the mortgagee placed the property with a broker for sale. Having found a possible purchaser the mortgagee contracted to accept a purchase money mortgage at a reasonable rate of interest. In determining whether the mortgagee "chilled" the sale, as the defendants charged, it would have been relevant to inquire whether the purchaser could have procured similar financing elsewhere, whether the purchaser was a good or a bad credit risk, and whether the interest rate of six per cent was more favorable than otherwise might have been expected from the nature of the premises. These are only some of the factors pertinent in an inquiry as to whether the mortgagee had in fact "chilled" the sale or whether, alternatively, he had so contracted with a purchaser as to be able himself to offer a price at the foreclosure sale which would most minimize the mortgagor's deficiency. The matter was adequately treated by the judge's charge which noted the existence of the price differential, the difference in the terms of the purchase sale agreement and the foreclosure sale, and their effect as a question of fact upon the plaintiff's duty of diligence and good faith.

4. The judge properly denied the defendants' request for a charge that the failure of the plaintiff to disclose to them that he had entered into a contract to sell the propery for $45,000 constituted bad faith. The judge charged instead that this conduct was only one of several factors to be considered in a determination of whether there had been bad faith on the part of the mortgagee.

*Exceptions overruled.*