Rescript Opinions.

SALVATORE A. AMARI, administrator, *vs.* GERMANO ANGELINE. May 5, 1969. On a petition for determination of title to personal property, the judge of the Probate Court entered a final decree that $2,500 held by the respondent Angeline belonged to the estate of Antonio Amari of which the petitioner is the administrator. The respondent appeals. The evidence, almost entirely oral testimony, is reported. There was no report of material facts and no request for one. In these circumstances the entry of the decree imports the finding of every fact necessary to support it. *Bay State Cafe, Inc.* v. *Cohen,* 334 Mass. 705. Facts thus found will not be disturbed unless plainly wrong. *Bloom* v. *Bloom,* 353 Mass. 762. A bank check payable to the deceased was indorsed. ''Pay to the order of . . . [the respondent]'' and signed by the deceased, an aged, ill and illiterate worker. On conflicting testimony the judge could find and by implication did find that the respondent took the check with the understanding that he would cash it and turn the proceeds over to the deceased and that he failed to do so. We cannot say that he was plainly wrong. The appeal is frivolous. The decree is affirmed with double costs and interest at the rate of twelve per cent from the time the appeal was taken. G. L. c. 211, § 10.

*So ordered.*

*Bertram Glovsky* for the respondent.
*Marshall M. Schribman* for the petitioner.


LEAH NORTON WARNER *vs.* HAZEL D. HADFIELD (and a companion case[1]). May 5, 1969. These are two petitions, one for the appointment of an administrator and the other for the allowance of an instrument as the last will of Emily C. Russell. A decree was entered dismissing the first petition and on the other petition a decree was entered allowing the instrument as the last will of the decedent and appointing the proponent of the will as executrix. The contestant appeals from both decrees. The evidence is reported and the probate judge made a report of material facts. We see no need to state the judge's findings or to summarize the evidence. The contestant contends that a series of "questions [are] raised by the appeals." Tersely stated they relate to the awareness of the testatrix "of the contents of the instrument," mental competence, fraud and undue influence, and whether the omission of the decedent's "daughter . . . and her son or his issue [was] occasioned by accident or mistake." The contestant also raises the question as to whether the findings of the judge were "based upon the evidence adduced at the trial." Although the findings of the judge should have been more explicit our review of the evidence convinces us that there was no error in the entry of the decrees.

*Decrees affirmed.*

The case was submitted on briefs.
*James L. Kenney & Paul A. Goldstein* for Leah Norton Warner.
*Edward F. Cregg* for Hazel D. Hadfield.

---

[1] Hazel D. Hadfield *vs.* Leah Norton Warner.