CARLETON FORD, INC. *vs.* GENNARO OSTE. April 25, 1973. The defendant alleges an exception to the denial of his motion for a directed verdict after a jury trial in an action of contract based on a check drawn by the defendant. The check contains on the top left-hand side a printed legend "Oste Bros." and beneath it an address. The defendant's signature appears on the bottom right-hand side; there is nothing to indicate that the signature was in a representative capacity. The short answer to the defendant's sole contention that the plaintiff did not make out a case that the defendant, rather than "Oste Bros.," was personally liable on the check is found in the provisions of the Uniform Commercial Code,

G. L. c. 106, §§ 3-403 (2) (b) and 3-307 (2), which place the burden on the defendant to disprove personal liability. Under § 3-403 (2) (b) the defendant, even if an agent as he claims, "is personally obligated if the instrument [although it] names the person represented [Oste Bros.] . . . does not show that the . . . [defendant] signed in a representative capacity." While under that section it may be "otherwise established between the immediate parties," § 3-307 (2) provides: "When signatures are admitted or established [as in this case], production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." We add that even if the burden had been on the plaintiff to prove the defendant's personal liability, there was more than sufficient evidence to take the issue to the jury. The defendant's brief of four unnumbered pages is devoid of any specific page references to the record such as are required by Rule 1:15 (2) of this court and refers to but one case, and that for an obvious proposition which hardly requires citation. See Rule 1:15 (1) (d). The defendant's exceptions are frivolous and are overruled with double costs and interest at the rate of twelve per cent from the time his substitute bill of exceptions was allowed. G. L. c. 211A, § 15. *Amari* v. *Angeline,* 355 Mass. 802.

*So ordered.*

*Benjamin A. Stein* for the defendant.
*Timothy L. Horigan, Jr.,* for the plaintiff, submitted a brief.