Burton S. Sherman, J.
Plaintiff, an alleged holder in due course, moves for summary judgment in an action on two checks. Judgment is sought against a corporation and the individual drawer. The question to be determined is whether the drawer who signed the checks without indicating his representative capacity can be held personally liable.
The checks were the last two of a series of six postdated checks. All of the checks were purchased at a discount by the plaintiff from the payee. Four were paid and payment stopped on the last two,
It appears that the checks were given to the payee for legal services to be performed. His services were subsequently terminated. However it is not denied that the termination took place subsequent to the purchase of the checks by the plaintiff and four checks were paid over a period of a month *546 after purchase. There is therefore nothing to show that the plaintiff had any notice of any impediment to collection. And the mere knowledge of a purchaser that a check is postdated or issued for an executory promise is insufficient to defeat his claim as a holder in due course. (Uniform Commercial Code, § 3-304, subd [4], pars [a], [b].) The suspicion or surmise by the individual defendant as to the bona ñdes of the plaintiff as a holder does not create a triable issue. (Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 341; Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255, 259; Hanrog Distr. Corp. v Hanioti, 10 Misc 2d 659, 660.) There are therefore no triable issues of fact on this point, and the court finds that the plaintiff is a holder in due course.
The checks sued upon were drawn on the Chemical Bank payable to the order of "Barry E. Bell”. "Impact Marketing Inc.” is printed on the checks and signed "Marc Eliot”. The checks do not indicate that the individual defendant Marc Eliot, the drawer, signed in any representative capacity. However, he states that he drew the check as an officer of the defendant corporation for legal services to be performed for the corporation. Section 3-403 of the Uniform Commercial Code states: "(2) An authorized representative who signs his own name to an instrument * * * (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity”. The section is clear. It prevents a drawer or maker, who fails to indicate his representative capacity on an instrument, to contest the question of his individual liability against a holder in due course. (Megowan v Peterson, 173 NY 1; Kraushaar v Lloyd, 152 Misc 269; Werner v Emerson Hotel & Rest. Co., 192 NYS 273.) Accordingly, paroi evidence in these circumstances is inadmissible to show agency or a representative capacity. (Cf. Star Dairy v Roberts, 37 AD2d 1038; Citibank Eastern N. A. v Minbiole, 50 AD2d 1052.) Nor does the fact that the checks contain a printed corporate name change the result. For section 3-403 of the Uniform Commercial Code states that even where the instrument indicates the person represented, liability is imposed on the drawer or maker if he fails to show that he signed in a representative capacity. This the individual defendant failed to do and he is therefore personally liable. While this result may seem harsh, the rule is in keeping with the general *547 intent and purpose of the negotiable instrument law to protect holders in due course. Commercial paper must be permitted to be freely negotiable without undue risk. The obiter dicta in New Ga. Nat. Bank of Albany, Ga. v Lippmann (249 NY 307) relied upon by the defendant is not controlling. Moreover the case is distinguishable on the facts. Both the corporation and the representative capacity of the person who signed the instrument were clearly indicated. Even then, the complaint against the individual was permitted to be interposed on the question of lack of authority. Accordingly, the motion for summary judgment is granted against the individual defendant with interest as prayed for, and judgment shall be entered thereon. The complaint against the corporate defendant is dismissed and judgment may be entered thereon.