COLONIAL BAKING COMPANY OF DES MOINES, Appellee,

v.

Frederick J. DOWIE, Appellant,

and

Fred Dowie Enterprises, Inc., Defendant.

No. 68184.

Supreme Court of Iowa.

Feb. 16, 1983.

Joseph B. Joyce of Adler, Brennan, Joyce & Steger, Des Moines, for appellant.

Jon P. Sullivan of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for appellee.

. Considered by LeGRAND, P.J., and McCORMICK, McGIVERIN, LARSON, and SCHULTZ, JJ.

SCHULTZ, Justice.

The events leading to this appeal began when Frederick J. Dowie, president and sole stockholder of Fred Dowie Enterprises, Inc. (corporation), a catering corporation, obtained the opportunity to operate concession stands at the Living History Farms during the Pope's visit to Des Moines in 1979. With high expectations Dowie ordered 325,000 hotdog buns from the Colonial Baking Company (Colonial). Before the buns were delivered he presented to Colonial a postdated check in the amount of $28,640. This check shows the name of the corporation and its address in the upper lefthand corner. The signature on the check is in the form "Frederick J. Dowie" and there are no other words of explanation. Unfortunately, dreams of riches often turn to dust and so it was in this case; only 300 buns were sold. Following a dispute over the ownership and responsibility for the remaining buns, payment was stopped on the check.

Colonial then sued Dowie in his personal capacity as signer of the check. Colonial moved for a summary judgment against Dowie, but the district court, J.P. Denato, J., overruled the motion. Colonial then joined the corporation as codefendant and tried the case to a jury. The district court, Van Wifvat, J., entered a judgment pursuant to the jury verdict in the amount of $14,320 against the defendants.

Although the corporation did not appeal from this judgment, Dowie took an appeal in his personal capacity. He argues that he has no personal responsibility on the check because it was imprinted with the corporation's name, even though his signature does not indicate representative capacity. Colonial cross-appealed and urges that its motion for summary judgment against Dowie should have been sustained and judgment should have been entered in its favor for the full amount of the check. Colonial maintains that a person who signs a corpo-

rate check which does not show that he signed in a representative capacity is personally obligated for payment of the check, unless it is otherwise established between the parties that he is not so obligated. It asserts that although its motion for summary judgment was supported by affidavit, Dowie's resistance offered no affidavit or other evidentiary support for his resistance and thus, pursuant to Iowa R.Civ.P. 237(e), summary judgment should have been awarded against Dowie as there is no genuine issue for trial. Dowie, of course, argues that the trial court did not err in overruling the motion for summary judgment. He also moved to dismiss Colonial's cross-appeal on the basis of untimeliness. We hold that the trial court erred when it overruled Colonial's motion for summary judgment. We also find that the cross-appeal was timely filed as to Dowie and we overrule the motion to dismiss. In view of these determinations, other issues need not be addressed. We reverse the decision of the district court and remand for entry of judgment for the plaintiff consistent with the relief sought on the motion for summary judgment.

Since the issue of Dowie's personal responsibility on the check is the gravamen of both Dowie's appeal and Colonial's cross-appeal, we shall address the issue in the context of the motion for summary judgment. First, however, we discuss Dowie's motion to dismiss plaintiff's cross-appeal.

I. *Motion to dismiss.* Dowie contends that the corporation was served an untimely notice of cross-appeal and moved to dismiss it. We dismiss the cross-appeal against the corporation only.

■ There is no dispute about the facts. The thirtieth day after the judgment fell on Saturday, January 30. Dowie filed a timely appeal on Monday, February 1[1]; however, the corporation did not appeal. The cross-appeal was filed on the following day, February 2. Although the thirty day period for taking a direct appeal had passed, Colonial's cross-appeal against Dowie was timely filed

because it was filed within five days after Dowie had taken his appeal. Iowa R.App.P. 5(a) ("[a] cross-appeal may be taken within the thirty days for taking an appeal or in any event within five days after the appeal is taken.").

We need not decide whether Colonial may maintain a timely cross-appeal against the corporation. At oral argument Colonial indicated that it was no longer interested in pursuing the cross-appeal against the corporation, and we deem it has abandoned that cross-appeal and that this issue is now moot.

■ Dowie also contends that if the judgment against himself and the corporation is permitted to stand, it must be equal as against each defendant because their interests are not legally severable. This argument might have been relevant if we had denied Dowie's claims on appeal, allowed the judgment to stand, and then considered Colonial's argument on damages. Since we now hold that the district court erred in overruling plaintiff's motion for summary judgment and we remand for an entry which will necessarily replace the judgment entered on the jury's verdict against Dowie, the argument is irrelevant. At the time the erroneous ruling on the summary judgment was entered in district court, the corporation was not a party to the litigation. Colonial's judgment against the corporation will remain, however, as the corporation did not appeal. Nevertheless, Colonial may not recover from both parties a sum that would exceed the amount rendered on the summary judgment; it is further limited in its recovery against the corporation to the amount of the original judgment.

II. *Representative capacity.* In its petition in the underlying action Colonial alleged that Dowie signed and delivered the check in question, that the check was not paid, that Dowie owed Colonial the amount of the check, and that judgment should be awarded to Colonial. A copy of the check was attached to the pleadings. Dowie filed

---

1. When the last day for filing an appeal falls on a Saturday the time therefore shall be extended to include the next day which is not a Sunday or legal holiday. Iowa Code § 4.1(22) (1981).

an answer in which he denied each allegation contained in Colonial's petition. Colonial then filed a motion for summary judgment and supported the motion with an affidavit from Colonial's president. He attested to his personal knowledge of the truth of the facts contained in the petition and his competency to testify. Colonial concurrently filed a supporting statement and memorandum which pointed out that Dowie did not deny his signature in his answer and that he had not responded in a timely fashion to a request for an admission that it was his signature. The memorandum then pointed out that the signature was deemed genuine in absence of the denial in the answer pursuant to Iowa R.Civ.P. 100 and because of defendant's failure to respond to the request for admission pursuant to Iowa R.Civ.P. 127. Plaintiff further pointed out that its allegations of delivery and nonpayment were supported by the affidavit and it claimed that the undisputed facts entitled it to a judgment as a matter of law. Dowie's resistance to the motion for summary judgment consisted solely of an unsupported written denial of the allegations contained in the motion for summary judgment. At the hearing on the motion Dowie apparently argued, as he does at this time, that the check was an obligation of the corporation and not a personal responsibility. The district court simply denied the motion and noted "(the check is a corporate check)".

Colonial claims that this resistance did not create an issue of genuine fact. Iowa R.Civ.P. 237(e) in pertinent part provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Colonial claims that because Dowie failed by affidavit or other proof to contradict plaintiff's petition and verify proof, and instead rested on his pleadings, that the trial court erred in failing to grant summary judgment.

A motion for summary judgment may be sustained only when the moving party shows there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237(c). The burden of showing there is no issue of material fact is upon the moving party. *Meyer v. Nottger,* 241 N.W.2d 911, 917 (Iowa 1976). If the moving party has supported his motion, an adverse party may not rest upon the allegations or denials in his pleadings, but must show there is a genuine issue of fact. Iowa R.Civ.P. 237(e). Even when the facts are undisputed, however, summary judgment is inappropriate if reasonable minds may draw different inferences from them. *Tasco, Inc. v. Winkel,* 281 N.W.2d 280, 282 (Iowa 1979).

In this case Dowie by his limited resistance rested upon the pleadings; thus Colonial's proof must be taken as true. The trial court, by referring to the "corporate check" in overruling the motion, apparently adopted Dowie's contention that the presence of the corporate name on the check provided an issue of fact: whether Dowie was acting in a representative capacity. We conclude that this reliance is misplaced as the check itself does not preserve an issue of fact about Dowie's representative capacity.

To have shown an issue of fact in the summary judgment proceedings, it was necessary for Dowie to have pleaded and provided evidence that there was an agreement, understanding, or course of dealing between the parties that when Dowie signed the check he did so in a representative capacity and was not to be personally liable on the check. Iowa Code section 554.-3403(2) assesses liability to a person whose signature is affixed to commercial papers as follows:

An authorized representative who signs his own name to an instrument

a. is personally obligated if the instrument neither names the person represent-

ed nor shows that the representative signed in a representative capacity;

b. except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity . . . .

■ If Dowie wished to avail himself of the exception from liability provided by the phrase "except as otherwise established," it was necessary for him to plead and prove that he fell within the exception. Although we have not previously interpreted the language of section 554.3403(2)(b), we now hold that this section provides liability against the drawer of a check if there is no evidence that the check was signed in a representative capacity. Other courts have held that the fact that a corporate name is imprinted on the check is not alone sufficient evidence that the drawer, who signs his own name to the instrument, has otherwise established that he is not personally liable. *See Miller & Miller Auctioneers, Inc. v. Mersch,* 442 F.Supp. 570, 573, n. 2 (W.D.Okla.1977) (defendant's failure to show title of his office results in personal liability); *American Exchange Bank v. Cessna,* 386 F.Supp. 494, 495 (M.D.Okla. 1974) (although check bore corporate name and address, signer of check is liable because he put only his personal signature and not title on check); *Casey v. Carrollton Ford Co.,* 152 Ga.App. 105, 107, 262 S.E.2d 255, 257 (1979) (individual signer liable); *Leahy v. McManus,* 237 Md. 450, 454, 206 A.2d 688, 691 (1965) (a person who signs a note made by a corporation is prima facie liable to the payee unless he affirmatively shows an understanding between him and the payee); *Carleton Ford, Inc. v. Oste,* 1 Mass.App. 819, 819, 295 N.E.2d 402, 402 (1973) (check imprinted with company name that was signed by the defendant with nothing to indicate a representative capacity placed on the signer the burden to disprove personal liability); *Financial Associates v. Impact Marketing, Inc.,* 90 Misc.2d 545, 546, 394 N.Y.S.2d 814, 815 (1977) (although checks contain a printed corporate

name the drawer is personally liable as he failed to show he signed the note in a representative capacity); *Griffin v. Ellinger,* 538 S.W.2d 97, 100 (Tex.1976) (burden is on drawer to disclose his representative capacity). *Cf. Speer v. Friedland,* 276 So.2d 84, 86 (Fla.App.1973) (presumption that defendant signs an instrument in a personal capacity was overcome by the manifest weight of parol evidence). *Contra Southeastern Financial Corp. v. Smith,* 397 F.Supp. 649, 653 (N.D.Ala.1975) (statute inapplicable as improbable that anyone would be confused where the corporation was listed and although the signature did not designate capacity it was proceeded by "By"), *but see Legg v. Kelly,* 412 So.2d 1202, 1205 (Ala.1982) (holding signer liable where signature preceded by "by"); *Pollin v. Mindy Manufacturing Co.,* 211 Pa.Super. 87, 236 A.2d 542 (1967) (corporate payroll check signed by president without indication of representative capacity held obligation of the corporation); J. White & R. Summers *Uniform Commercial Code* § 13–4 (representative capacity should be more easily found on checks than corporate notes).

■ We also hold that the drawer has the affirmative duty to plead the defense that he is not personally liable on the instrument. Iowa R.Civ.P. 72 (an answer must "state any additional facts deemed to show a defense"); Iowa R.Civ.P. 101 ("[a]ny defense that a contract or writing sued on . . . which alleges any matter in justification, excuse . . . , or which admits the facts of the adverse pleading but seeks to avoid their legal effect, must be specially pleaded."). Other courts have reached a similar result in construing this section of the commercial code by placing the burden to plead and prove the exception upon the drawer. *Fanning v. Hembree Oil Co.,* 245 Ark. 825, 828, 434 S.W.2d 822, 824 (Ark.1968); *Leahy,* 237 Md. at 454, 206 A.2d at 691; *Carleton Ford, Inc.,* 1 Mass.App. at 820, 295 N.E.2d at 402; *Rotuba Extruders, Inc. v. Ceppos,* 46 N.Y.2d 223, 229, 413 N.Y.S.2d 141, 144, 385 N.E.2d 1068, 1071 (1978). A motion for summary judgment was a proper method of arriving at a judgment when there was no

genuine issue of fact indicating that defendant acted in a representative capacity. *Rotuba Extruders, Inc.,* 46 N.Y.2d at 231, 413 N.Y.S.2d at 145, 385 N.E.2d at 1072. On the basis of the record at the time the trial court ruled, it erred when it denied the motion and failed to enter judgment for the amount of the check.

We are aware that Dowie did finally file an affidavit in response to Colonial's motion to reconsider the ruling on the motion for summary judgment. However, Dowie did not amend his pleadings to show an affirmative defense and furthermore we do not find that this late affidavit rehabilitated the deficiencies of his resistance to the motion. The affidavit did not show a fact issue, it merely stated Dowie's own conclusion that he was acting in a corporate capacity and that Colonial knew that it was dealing with a corporation. The affidavit did not factually detail any agreement or understanding between the parties that Dowie was not to be personally responsible.

As the motion for summary judgment should have been sustained and judgment should have been entered for Colonial for the amount of the check, we need not address any of the issues relating to the trial. The jury found Dowie personally responsible on the check and it also found the corporation liable. As the corporation was not a party to this appeal, we will not disturb the judgment against it.

REVERSED AND REMANDED FOR ENTRY OF JUDGMENT ON THE MOTION FOR SUMMARY JUDGMENT.