Coven, J.
This is an action to recover for the defendant-mortgagees’ alleged negligence and breach of contract in their foreclosure sale of the plaintiff’s condominium for a price less than the full market value of the property. The plaintiff sought damages in an amount equal to the difference between said market value and the balance owed by him on his mortgage note. The court allowed the defendants’ Dist./Mun. Cts. R Civ. R, Rule 41(b)(2) motion for involuntary dismissal at the close of the plaintiff’s evidence at trial, and the plaintiff has appealed pursuant to Dist./Mun. Cts. R. A. D. A, Rule 8C.
Defendant Joan DeSimone, a licensed real estate broker, showed the plaintiff a condominium in April, 1990 which was owned by her and her husband, defendant Eugene A. DeSimone. The plaintiff agreed to purchase the condominium for $125,000.00, and paid a deposit of $62,500.00. He was unable, however, to obtain financing for the unit, and requested the return of his deposit. Defendant Joan DeSimone then offered $60,000.00 in financing in return for a one year mortgage *68 note by the plaintiff with a balloon payment at the end of that year. The plaintiff alleges that the defendant orally represented that if he were unable to obtain conventional financing after that one year, she would assist him in selling the condominium.
The plaintiff purchased the property for the $125,000.00 sale price by paying $65,000.00 in cash and executing a $60,000.00 mortgage in favor of the defendants. The plaintiff also paid $9,000.00 into an escrow account for principal and interest on the note, condominium fees and property taxes. At the end of the first year, the plaintiff was still unable to secure financing to pay his promissory note to the defendants. On June 14,1991, the defendants mailed a notice of default and acceleration of the note. The principal balance owed was $59,431.66.
The property was appraised on April 24,1992 for $92,000.00. On June 10,1992, approximately one year after the notice of mortgage default, the defendants exercised their power of sale and held a foreclosure auction of the condominium. Defendant Eugene DeSimone was the only bidder at the auction, and purchased the unit for $60,000.00. The plaintiff concedes that the auction was properly conducted in accordance with G.L.c. 244, §14. Less than two months after the foreclosure sale, the defendants sold the condominium unit for $85,000.00.
On April 15,1993, the plaintiff sent a G.L.c. 93A demand letter to the defendants which claimed that the defendants had engaged in a fraudulent auction of the property. The plaintiff commenced this action on June 10,1993.
The defendants failed to answer, and the plaintiff requested a default judgment for a “sum certain” in the amount of $71,468.78 on September 8, 1993. An execution issued for that amount on September 16, 1993, less than ten days after the entry of the default judgment. On September 23, 1993, the defendants filed a motion to vacate the default judgment and recall execution, which motion was denied after hearing on September 30,1993. On October 4, 1993, the defendants filed a motion for reconsideration. A second judge allowed the defendants’ reconsideration motion on October 20, 1993, and removed the default judgment, recalled the execution and allowed the defendants to file an answer late.
A trial was held on December 2,1994. At the close of the plaintiffs’ case, the trial judge allowed the defendants’ Rule 41(b) (2) motion for involuntary dismissal, stating in relevant part:
I do not believe the plaintiff’s testimony that the defendants made any unwritten assurances concerning what they would do in the event of a default of the mortgage ... I do not find the defendants to have been anything but reasonable in their conduct of the sale. They complied with the letter and the spirit of the statute ... I did not find the plaintiff to be injured by any breach of contract to the defendants. I do not find any violation of G.Lc. 93A identified as such in the demand letter.
The defendant has raised three issues on this appeal: (1) whether the second district court judge had any authority to reconsider the prior denial by another judge of the defendant’s motion to vacate the default judgment; (2) whether the trial court erred in holding that the defendants satisfied the requirements of G.L.c. 244; and (3) whether the trial judge incorrectly dismissed the plaintiff’s claims pursuant to Rule 41(b) (2).
1. Contrary to the plaintiff’s initial contention, there is no District Court rule or requirement comparable to Superior Court Rule 9D which mandates that motions for reconsideration be heard by the same judge who made the initial ruling. Generally, a judge is not bound by an interlocutory decision in a case by another judge of the same court, but instead has the power to review or modify the prior finding or ruling. I. S. K. Con. of New England v. Boston, 19 Mass. App. Ct. 327, 329 (1985). It is within a judge’s sound discretion to elect to reconsider the ruling of another judge. Peterson v. Hopson, 306 Mass. 597, 601-602 (1940).
Any rule denying the right of a judge to revise or vacate the earlier *69 decree of another in the same case would in practice run counter to the elementary principle that any action of the court short of final judgment or decree remains with the control of the court and is open to revision until final judgment or decree.
Lummus, The “Law of the Case” in Massachusetts, 9 B.U. L. Rev. 225, 234 (1929). Thus while a judge should hesitate “to undo the work of another judge,” the power to do so remains until there is a final judgment or decree. Peterson v. Hopson, supra at 603. See also Riley v. Presnell, 402 Mass. 239, 242 (1991).
In the instant case, judgment had been entered by the clerk pursuant to Dist./ Mun. Cts. R. Civ. R, Rule 55(b) (1). Upon the denial of their motion for relief from judgment, therefore, the defendants should have claimed and perfected an appeal of such ruling. The defendants’ motion for the reconsideration by a different judge of the denial of their Rule 60 motion was improper. Under ordinary circumstances, the second judge’s election to reconsider the post-judgment ruling of another judge would have constituted an inappropriate exercise of judicial discretion.
However, the reconsideration of the defendants’ Rule 60 motion was at most harmless error given the clear invalidity of the default judgment in question. As the plaintiff’s negligence and G.L.C. 93A claims were not for a “sum certain,” the trial court clerk was not authorized to enter a Rule 55(b) (1) judgment. See Kansky v. Harrison, 398 Mass. 1007 (1986); Zegouras v. City Council of Fitchburg, 381 Mass. 424, 425 n. 1 (1980).[2] When a plaintiff’s claim is not for a liquidated sum, a hearing for the assessment of damages is a prerequisite to the entry of a default judgment pursuant to Rule 55(b) (2). Shawmut Bank v. Chase, 34 Mass. App. Ct. 266, 268-269 (1993); M. Clifton Edson & Son v. McConnell, 9 Mass. App. Ct. 930 (1980). Thus the first judge’s denial of the defendants’ motion to vacate the invalid Rule 55(b)(1) judgment herein constituted an abuse of discretion amounting to an error of law. Coady v. Stack, 1995 Mass. App. Div. 136, 137. The second judge’s reconsideration and allowance of the defendants’ Rule 60 motion correctly afforded the defendants the relief to which they were entitled.[3]
2. While conceding that the defendants fully complied with all of the requirements of G.L.c. 244, §14, the plaintiff argues that the trial court erred in finding “reasonable” compliance with the statute. There is no merit to the plaintiff’s contention as the trial court clearly utilized the appropriate legal standard. Generally, a “mortgagee in exercising a power of sale in a mortgage must act in good faith and use reasonable diligence to protect the interests of the mortgagor.” Union Market Nat’l Bank of Watertown v. Derderian, 318 Mass. 578, 581-582 (1945). Where, as in the instant case, the mortgagee-seller becomes the buyer of the property at the foreclosure sale, it has been stated that the mortgagee is “held to the strictest good faith and the utmost diligence ...” Id. at 582. See also, Williams v. Resolution GGF OY, 417 Mass. 377, 383 (1994). However, the standard remains one of reasonableness, and the mortgagee is obligated to “act as a reasonably prudent man would to obtain a fair price for the property... "Union Market Nat’l Bank of Watertown v. Derderian, supra at 582.
Whether the defendant-mortgagees in this case acted in the strictest good faith and with the utmost diligence were questions of fact for the trial judge, see generally, Manoog v. Miele, 350 Mass. 204, 207-208 (1966); Mutual Bank For Savings v. Silverman, 13 Mass. App. Ct. 1059, 1061 (1982), the determination of which would not be set aside on appeal unless clearly erroneous. Matsushita Elec. Corp. of *70 America v. Sonus Corp., 362 Mass. 246, 254 (1972); George v. Quincy Co-Op Bank, 5 Mass. App. Ct. 771 (1977). The burden of proving that the defendants failed to discharge their fiduciary duty in conducting the foreclosure auction was on the plaintiff. Andover Sav. Bank v. Basha, 326 Mass. 725, 728 (1951).
The plaintiffs mere contention that although the defendants complied with statutory requirements, they should have placed notices of the foreclosure sale in additional newspapers with larger circulations did not satisfy his burden. The failure to advertise more extensively is not per se indicative of a mortgagee’s bad faith or lack of due diligence. Id. at 728. See also West Roxbury Co-Op Bank v. Bowser, 324 Mass. 489, 493 (1949) and cases cited. Nor does an inference of bad faith or lack of diligence arise solely from the fact that the mortgagee turns out to be the only bidder at the foreclosure sale. Pemstein v. Simpson, 36 Mass. App. Ct. 283, 287 (1994). When statutory prerequisites to foreclosure have been satisfied, a mortgagee is not required to adjourn the sale simply because of the scarcity of bidders. Cambridge Sav. Bank v. Cronin, 289 Mass. 379, 383 (1935).
Finally, the mere inadequacy of the price at auction, standing alone, does not ordinarily require a finding of fraud, bad faith or lack of due diligence so as to necessitate the setting aside of a foreclosure sale. Seppala and Aho Constr. Co. v. Petersen, 373 Mass. 316, 328 (1977); Sher v. South Shore Nat’l Bank, 360 Mass. 400, 402 (1971). Auctions conducted with the utmost good faith and due diligence in full compliance with statutory and mortgage requirements do not necessarily yield a sale price commensurate with the full market value of the property. American Mech. Corp. v. Union Mach. Co., 21 Mass. App. Ct. 97, 101 (1985). A disparity between the auction price and the true value of the property may invalidate a foreclosure sale only where the disparity is so gross as to indicate clearly the bad faith of the mortgagee. Seppala and Aho Constr. Co. v. Petersen, supra at 328; Sandler v. Silk, 292 Mass. 493, 497 (1935).
While the defendants in the instant case were obligated to arrange for and conduct the foreclosure sale so as “to obtain for the property as large a price as possible,” Williams v. Resolution GGF OY, supra at 383, they were not required, as the sole bidders, to pay the full market value of the property. “In his capacity as bidder, a mortgagee may buy as cheaply as he can, and owes no duty to bid the full value of the property as that value may be subsequently determined.” Manoog v. Miele, supra at 206; West Roxbury Co-Op Bank v. Bowser, supra at 492-493; Cambridge Sav. Bank v. Cronin, supra at 383. The record in this case is devoid of any indication beyond the plaintiffs sheer speculation that there was any prospective purchaser who would have bid more than the price paid by the defendants for the condominium. Having fully complied with all statutory prerequisites to foreclosure and sale, the defendants were not required to postpone the sale and to forfeit their opportunity to purchase the property until such time, and on the basis of a remote chance, that another prospective purchaser might appear with a higher bid.
In short, there is no evidence in this case to warrant a determination' of any error in the trial court’s determination that the defendants’ sale of the property was conducted in good faith and with appropriate diligence.
3. The plaintiff’s final argument is that the trial judge erred in allowing a Rule 41(b) (2) motion for involuntary dismissal solely on the basis of the judge’s general disbelief of the plaintiff’s testimony. It was, however, precisely the responsibility of the trial judge, acting in his capacity as the finder of fact, to assess the weight of the evidence and to resolve all questions of “credibility, ambiguity and contradiction.” Ryan, Elliot & Co. v. Leggatt, McCall & Werner Inc., 8 Mass. App. Ct. 686, 689 (1979); Raviv v. K-Mart Corp., 1993 Mass. App. Div. 225.
In ruling on the defendants’ Rule 41(b)(2) motion, the trial judge properly assessed the credibility of the plaintiff and other witnesses, viewed the evidence he found credible and all reasonable inferences that could be drawn therefrom in the light most favorable to the plaintiff, and determined that such evidence was *71 insufficient as a matter of law to sustain the plaintiff’s burden of proof. There was, therefore, no error in the judge’s treatment and disposition of the defendants’ motion. DeVito v. Cellular Mobile Comm., Inc., 1993 Mass. App. Div. 48. We cannot say that the judge erred in his assessment of the credibility of the witnesses and the sufficiency of the evidence. Gallagher v. Taylor, 26 Mass. 876, 880-881 (1989).
There being no error, the appeal is dismissed.

The execution was also issued prematurely, as the clerk did not wait the required ten days. Dist./Mun. Cts. R. Civ. R, Rule 69.

 The defendants’ motion also set forth both legitimate, substantive defenses to the plaintiff’s claim, and reasons for their failure to file a timely answer which could have been treated as excusable neglect.