Rutberg, J.
Debra Frank was awarded $350,000.00 in damages in this slip and fall case which was tried without a jury as it was filed before the “civil one-trial” statute had been amended to include Worcester County.[1] Defendant Westwood Associates’ motion to dismiss Ms. Frank’s complaint after the close of the evidence was denied, and Westwood has appealed that denial. The resolution of this appeal turns on whether sufficient evidence was presented at trial to warrant a finding that Westwood was negligent and, if so, whether that negligence could have been the cause of Ms. Frank’s substantial injuries.
Debra Frank purchased a newly constructed unit at Dale Woods Condominiums from Westwood, the project’s developer. During the period between having given her deposit and the closing, Ms. Frank returned to the building that contained her unit to visit it, to decide on certain construction options and to show it to her sister. While there was some dispute in the testimony as to whether or not Ms. Frank had *133 permission to be on the property at the time she fell, the trial judge found that she was on the property lawfully. We will not upset that finding unless it was clearly erroneous. Anthony’s Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 476 (1991).
During the visit described above, Ms. Frank climbed the staircase to the unit’s second floor. Later, as she began to descend the stairway, one of the sandals she was wearing stuck to the surface of a step as her body went forward. In a moment, Ms. Frank landed in a heap at the bottom of the staircase, having sustained injuries which included a severe ankle fracture. The trial judge found that Ms. Frank’s shoe stuck to the stair because “the polyurethane finish had not yet cured.” The trial judge further found that Westwood’s practice was to place warning signs in units with recently finished floors; however, no signs were placed in “model units” of which Ms. Frank’s unit was one.
The trial judge also found that Westwood had not caused an inspection of the unit after its floor had been finished, which was five days before Ms. Frank’s initial visit to the premises and twenty-three days before she fell. From this finding, the judge determined that Westwood’s failure to discover the dangerous condition amounted to negligence, which negligence was the proximate cause of Ms. Frank’s injuries.
The standard of review of the denial of a defendant's motion to dismiss at the close of the plaintiffs evidence is that such a denial must be affirmed if from the evidence “any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.” Anthony H. v. John G., 415 Mass. 196, 199 (1993). The Supreme Judicial Court has stated that for inferences to be reasonable, they “must be based on probabilities rather than possibilities.” Goffredo v. Mercedes-Benz Truck Co., 402 Mass. 97, 101 (1988). Ms. Frank properly maintains that in deciding a motion to dismiss, a judge may properly disbelieve evidence that was proffered by either party. Harvard Univ. v. Goldstein, 1999 Mass. App. Div. 67, 68-69; Oyegbola v. DeSimone, 1996 Mass. App. Div. 67, 70-71. Notwithstanding the fair province of the trial judge to disbelieve testimony, the plaintiff bears the burden to prove the defendant’s negligence; and disbelief of evidence proffered by the defendant is not affirmative evidence of a critical issue that the plaintiff must prove. Commonwealth v. Michaud, 389 Mass. 491, 498 (1983).
Taking the evidence in the light most favorable to the plaintiff, the trial judge could have found, as described above, that Ms. Frank’s sandal stuck to the surface of the stair which, in turn, caused her to fall forward and to sustain the ankle injury of which she complains. The only evidence in the record regarding the curing of the polyurethane finish on the stair was offered by Westwood’s agents that the substance normally dries within 24 hours of its application. As stated above, the trial judge found that the application of the polyurethane to Ms. Frank’s unit occurred no later than 23 days before her fall. This finding was supported by crediting Westwood’s evidence on the issue, which was the invoice of the flooring company that was dated 23 days before the fall. Ms. Frank presented no evidence as to the nature of the substance she claimed was present on the surface of the stair to which her sandal stuck, and she presented no evidence as to the curing process for polyurethane. Thus, there is no combination of circumstances that could be inferred from the evidence that could support the trial judge’s conclusion that Ms. Frank’s fall was caused by her walking upon uncured polyurethane that was allowed to be present in the premises without a warning.
The judgment of the trial court is reversed.
So ordered.

 St. 2004, c. 252, §23.